BYRD R. ROGERS V. ROBERT BROADNAX.

It is a valid defence to a promissory note, in the hands of one who received it after maturity, that it was given for the purchase of a tract of land, under an agreement in writing, that the vendor should cancel and discharge the title of another party to a part of the land, before any portion of it should be payable; and that the vendor has failed to comply with that condition.

Where the written agreement, in such case, bears a date anterior to that of the note, *primâ facie*, the execution of it, was the result of some new arrangement concerning the payment for the land, or related to some other transaction. The burden of establishing the alleged relation between them, devolves on the defendant.

Where other evidence, than what the face of the note imports, has to be resorted to, in order to explain the circumstances and understanding under which it was given, for the purpose of establishing the defence, it is error to charge the jury to find for the defendant.

A correspondence of the note in date, and with the exact terms of the agreement, with the admission of the failure to extinguish the title referred to, might justify such a charge.

In instructing the jury, as to the law of the case, the judge should distinctly separate questions of law, from questions of fact; and a charge which determines both, without separating them, and without submitting the questions of fact to the decision of the jury, is erroneous.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

This was a suit by Byrd R. Rogers against Robert Broadnax, on two promissory notes, under seal, in the ordinary form; one of them for $4000, and the other for $5000.

The defendant answered by a general denial, and set up special matters as a defence; the plaintiff demurred to the special answers, which need not be here set forth, and his demurrer was overruled.

The plaintiff introduced in evidence the notes sued on; the defendant introduced a written agreement between Broadnax and William Means, the payee of the notes, which recited, that they had concluded a contract, by which the latter sold to the defendant a certain tract of land, therein described and set

Rogers v. Broadnax.

forth, for the sum of $14,400, of which $6300 was payable on the 15th day of January, 1854, and the balance in two equal instalments; the first, the sum of $4050, on the 15th January, 1855, and the further sum of $4050, on the 15th January, 1856. Means therein bound himself to make to Broadnax, a good and sufficient deed of warranty against all the heirs of Thomas R. Miller, deceased, and all persons claiming through, or under them, on the full payment of the said several sums of money, therein specified, at the maturity of the instalments. The said agreement recited further, that whereas an instrument appeared on the records of the county of Gonzales, bearing date the 6th day of October, 1838, executed by Edward B. Miller and Dicey H. Miller to J. Winston Quarles, by which one-sixth part of the estate of Thomas R. Miller, was conveyed to the said Quarles; therefore, Means bound himself to have the said instruments cancelled and discharged, before the said Broadnax should be bound to make any further payment on the said contract, than the first payment of $6300.

It was proved, that the notes sued on were given by the defendant to Means, on the 13th of December, 1854, for the purchase of the land, and were by Means assigned to F. T. Wooten and T. Clark, executors of the will of E. B. Miller, deceased, to whose estate the lands had belonged, for the purpose of making payment of his, (Means's,) purchase from one Herron, who had bought the land from the estate, without having paid for it, and had sold tracts therefrom to W. D. Smith, John R. Smith, and Means; and on the said 13th of December, 1855, the agent of the executors, with the knowledge, and in the presence of the defendant, received divers notes, among which were the said notes and the notes of the Smiths, as collateral paper, from Herron to the estate of Miller. At the same time, Marshall as the agent of the executors, executed a writing, acknowledging the receipt of the notes of Broadnax to Means, bearing even date therewith, and describing them as they were set out in the petition, and also notes of the other parties, to be applied when collected, to the satisfaction of the debt of Herron, of $19,658.35,

due on the purchase of the land, and secured by a mortgage thereon.

It was proved, that one Quarles claimed one-sixth of the Miller land, and that that claim was still in litigation. At the time of making the application of notes, on Herron's indebtedness, in view of this claim of Quarles, the amount of the notes applied was five-sixths of the amount due, leaving one-sixth to be settled by Herron himself; and in the language of the witness, " the Smiths and Broadnax, were to have nothing to do with that claim."

The court gave no other or further charge to the jury, than as recited in the opinion.    Verdict for the defendant, and judgment in his favor for the costs of suit.

*Harwood & Brewster*, for the appellant.—The agreement between Means and Broadnax, set up in the answer of the defendant Broadnax, is incomplete upon its face, and clearly contemplated a more formal execution.    The subsequent execution and delivery of the notes by Broadnax, and his acceptance of the deed from Means, absorbed and extinguished the previously existing agreement.    And the presumption, that such was the intention of the parties, can be overthrown only by some stipulation connecting the notes, either by express reference, or necessary implication, with the antecedent engagement.    In this case, it was hardly necessary to do more than to set up the last transaction, to wit, the execution and delivery between the parties, of the deed for the land, and the notes for the money, to cast upon the defendant, the burden of showing such a connexion.    The parol evidence which was offered, was intended to explain the entire transaction to the jury, and to prove other and further considerations for the last arrangement, than appears upon the face of the papers themselves.

It will be observed, that the notes are for a different sum, and payable at a different time, than is expressed in the first agreement, and they alone unaided by other proof, we regard as sufficient to have authorized the recovery; but when they are taken

in connexion with the deed accepted by Broadnax, and the testimony of Thornton, it is a matter of astonishment, that such a verdict as the one rendered in this case, could have been the result. The testimony of Thornton was not objected to on the trial, and was permitted to go to the jury.

*T. N. Waul*, for the appellee.

ROBERTS, J.—The suit is founded on two notes under seal, dated 13th of December, 1854, payable 1st January, 1856, to Means, and by him immediately assigned to Wooten and Clark, and by them, after maturity, assigned to Rogers.

In one aspect, Broadnax's answer presents a good defence to these notes, and therefore the court did not err in overruling the exceptions to it; that is, that Means had in 1853, sold him the tract of land, and they had entered into a written agreement, stipulating that none of the purchase-money, except $6300, should be paid by Broadnax, until Means should have the title of Quarles, for one-sixth interest in the land, cancelled and discharged; that these notes were given for such balance of the purchase-money, in pursuance of, and in subserviency to the conditions and limitations of said agreement, and that it was so understood by Means and Marshall, agents of Wooten and Clark, who acted for them in receiving the assignment of the notes from Means; and that the said title of Quarles, had not been cancelled, discharged, or otherwise extinguished.

The court in the instructions to the jury assumed, not only that this was a good defence as pleaded, but that it was conclusively established by the proof. The charge is as follows: "In this case I charge you, that you should find for the defendant."

Had these notes been executed at the same time the agreement was executed, on the 2d of April, 1853, and had they been in exact accordance with the terms of the said agreement, and had these facts, together with the one, that the Quarles title had not been extinguished, been admitted, then such a charge as this might have been justified. But the notes were given on the 13th

of December, 1854, and were payable at different times, and in different amounts, from those stipulated in the agreement of the 2d of April, 1853 ; and *primâ facie*, they were the result of some new arrangement concerning the payment for the land, or had relation to some other transaction. The burden of showing that these notes did not relate to some other transaction, and that they contemplated no new arrangement about the land, and that they were understood by the parties to be given in pursuance of, and in subserviency to, the limitations and restrictions of the agreement of 2d of April, 1853, rested on Broadnax ; and to establish this, he was compelled to resort to other evidence, than that which the face of the notes imports, so as to explain the circumstances and understanding under which they were given. The court, by the charge, determines these facts in favor of Broadnax, as conclusively established. They should have been submitted to the jury for their determination. Nor are we satisfied that the evidence was such as would have required the jury to come to the same conclusion, had the issue been submitted to them. Such a charge as this can never be sustained, when there is any question of fact, which should be submitted to the jury.

The statute prescribes, that " the judge may deliver a charge to them, (the jury,) on the law of the case, under the following restrictions, viz : He shall not in any case, civil or criminal, charge or comment on the weight of evidence. He shall so frame his charge, as to submit questions of fact solely *to the decision of the jury;* deciding on, and instructing them, as to the law arising on the facts ; *distinctly separating questions of law from questions of fact,"* &c. (O. & W. Dig. 128, Art. 491.)

Here, Broadnax gave two notes under seal, obligating himself unconditionally, to pay to Means particular amounts of money, *at a particular time.* The time has elapsed. *Primâ facie,* he is bound to pay. He alleges the existence of certain extraneous facts, which he contends, relieves him from that obligation. The facts are disputed by plaintiff. Whether or not the facts alleged are sufficient to relieve him from the obligation to pay, as he

Rogers v. Broadnax.

agreed, on the face of the notes, is a question of law, to be determined by the court; but whether or not those facts, thus alleged and denied, exist, is a question of fact, for the jury to determine. The court in this case, virtually determined both the questions—of fact, and of law—without *separating them*, and without submitting the questions of *fact to the decision of the jury*. We are of opinion, that there was error in giving this charge.

Whether the answer presents a defence in any other aspect, and whether the court erred in ruling upon the admission and rejection of testimony, it may not be important now to discuss, as upon a new trial, the parties may change the state of the pleadings, and present the matters in controversy more definitely, and present their evidence with reference to such definite issues. Judgment reversed and cause remanded.

Reversed and remanded.