THE SUPREME COUNCIL OF THE A. L. OF H. v. MAMIE ANDERSON.

(Case No. 1815.)

1. EVIDENCE — FACT CASE — AGREEMENT.— See statement of case for an agreement of counsel which did not have the effect to preclude the appellant from objecting to the relevancy and competency in evidence of a benefit certificate issued by the supreme council of the American Legion of Honor.

2. VARIANCE.— A benefit certificate issued by the supreme council of the American Legion of Honor was described in a petition filed to recover on it as a certificate by which the supreme council bound itself to pay plaintiff on the death of her husband the full sum of five thousand dollars. The instrument offered in evidence as the certificate was the obligation to pay a sum not to exceed five thousand dollars, subject to certain provisos and conditions contained therein. Held, that the variance was fatal, and the instrument should not have been admitted in evidence under the allegations of the petition.

3. EVIDENCE — BURDEN OF PROOF.— In a suit upon such a benefit certificate against such supreme council, brought by the surviving wife of a deceased member, when it did not promise to pay any specific amount, but a sum not to exceed five thousand dollars, on certain conditions, the existence of which could be determined by the books, vouchers and official papers of the defendant, it was not obligatory on the plaintiff to show by his pleadings and evidence just what sum he was entitled to recover; but if the books and papers of the defendant revealed that plaintiff was entitled to a less sum than five thousand dollars, the defendant, being in possession of the only source of accurate knowledge, should set that fact up in defense.

4. CHARGE OF COURT.— When there is no evidence except that which establishes facts, and a conclusion therefrom in favor of one party, it is not error to instruct the jury to return a verdict for such party; but though there may be no controversy as to the existence of facts, yet when the conclusion to be drawn from them is the subject matter of dispute, it is error to direct a verdict for either party.

APPEAL from Wharton. Tried below before the Hon. Wm. H. Burkhart.

Mamie Anderson brought suit May 5, 1883, in the district court of Wharton county, against the supreme council of the American Legion of Honor, a corporation chartered under the laws of Massachusetts, to recover $5,000, being the amount, as alleged in the petition, which appellant had agreed to pay appellee upon the death of her husband, W. J. Anderson.

It was alleged: 1st. That appellants were engaged in the business of life insurance, having grand and subordinate councils, one of which was located in Wharton county, and which were agents of the supreme council; that on the 10th of April, 1882, her husband, W. J. Anderson, became a member of Wharton council, 299; that in consideration thereof and the money paid by Anderson, appellant issued and delivered to said Anderson its obligation, termed a "benefit certificate," wherein it promised to pay to appellee, in Wharton county, Texas, upon the death of said W. J. Anderson, the full sum of $5,000. 2d. Alleged compliance by Anderson with all the rules and regulations of the order, and payment by him of all dues and assessments. 3d. Alleged death of Anderson, and notice thereof to appellant.

Answer by general demurrer, general denial, and specially denying that appellant was engaged in the business of life insurance, but alleging that the American Legion of Honor was a benevolent association, composed of members throughout the United States, having various objects of a benevolent, charitable and social character, and among others to establish a benefit fund, from which, on satisfactory evidence of the death of a member in good standing, a sum not exceeding $5,000 should be paid to his family, as the member may direct. That for business purposes the supreme council was vested with supreme legislative authority and general superintendence and control of the various grand and subordinate councils, and the sole and exclusive management of the benefit fund. That said benefits were paid by assessments levied by the supreme council upon the subordinate councils in proportion to the members thereof. That by the constitution and laws governing the order, the supreme council and the executive officer thereof, the supreme commander, was vested with authority to declare suspended any subordinate council which failed to remit to the supreme treasurer any assessment due from such subordinate council within forty days of the date of the notice. That such suspension deprived any member of such council, who might die while the council was under suspension, of any right to the benefit fund. That under this provision, Wharton council, 299, was suspended on the 19th of

June, 1883, and remained suspended until after the death of said W. J. Anderson, which occurred June 22d. That the amounts chargeable to the individual members of the council were paid by them, and came into the hands of Anderson, as treasurer of his council, in ample time to have been by him forwarded to the supreme treasurer in time, but that he had neglected to do so, and thus caused the suspension of his council. . . . That on account of said default and suspension, appellee's rights under said benefit certificate had been forfeited, and she was not entitled to recover.

Appellee filed supplemental petition denying the allegations of appellant's answer, and denying specially that Wharton council, 299, was legally suspended at the date of Anderson's death. Alleged payment by Anderson of all dues, assessments, etc.

The jury found for the appellee the full amount sued for, and judgment accordingly.

The instrument sued on was described in the petition in the following words: "Defendant issued and delivered to the said William J. Anderson its certain obligation in writing, named by defendant a benefit certificate, wherein defendant obligated and bound itself to pay to the plaintiff in Wharton county, Texas, upon the death of the said William J. Anderson (the husband of plaintiff), the full sum of $5,000." The instrument (or contract) was not set out, nor was there further description of it.

The instrument introduced in evidence was as follows: "This certificate is issued to companion Wm. J. Anderson, a member of Wharton Council No. 299, A. L. of H., located at Wharton, Texas, upon evidence received from said council that said companion is a sixth degree contributor to the benefit fund of this order, and upon condition that the statements made by said companion in application for membership in said council, and the statements certified by said companion to the medical examiner, both of which are filed in the supreme secretary's office, be made a part of the contract, and upon condition that the said companion complies in the future with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the supreme council to govern said council and fund."

"These conditions being complied with, the supreme council of the A. L. of H. hereby promises and binds itself to pay out of its benefit fund to Mamie Anderson, wife, a sum not exceeding $5,000, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said companion and upon the surrender of this certificate; provided, that said

companion is in good standing in this order at the time of his death; and provided also, that this certificate shall not have been surrendered by said companion and another certificate issued in accordance with the laws of this order."

Upon the trial appellant objected to the introduction in evidence of this instrument on account of variance between it and the instrument or contract sued on as described in the petition, which objection was overruled, and appellant excepted.

The parties filed in the case an agreed statement of the facts of the case, which showed the following to have been admitted:

1. That Wharton council, 299, was a subordinate council of appellant.

2. That appellant was a corporation under the laws of Massachusetts.

3. That the benefit certificate sued on was issued by appellant in accordance with the charter and by-laws of appellant.

4. That W. J. Anderson was regularly admitted into said subordinate council; that he remained a member thereof to the date of his death, which occurred on the 21st day of June, 1882.

5. That Wharton council was suspended on June 19, 1882, and plaintiff reserved the right to contend that such suspension was illegal and not authorized by the laws of the order.

6. That the benefit certificate was issued to W. J. Anderson for use of plaintiff in accordance with the laws of the order, which is the same that will be introduced in evidence by plaintiff for $5,000.

7. That for one month prior to Anderson's death he was sick, absent and unable to attend to any business.

8. That deceased had paid to Wharton council all dues and assessments legally demandable of him from the date of his membership until the date of his death.

The agreement was read in evidence.

*T. S. Reese*, for appellant, cited: Shipman *v.* Fulcrod, 42 Tex., 248; Roseborough *v.* Gorman, 6 Tex., 314; Sayles' Pleading, secs. 56 and 60; 1 Chitty's Pleading, 309; 1 Greenleaf's Evidence, sec. 58, note 3, sec. 66; 2 Greenleaf's Evidence, secs. 11 and 160; Stanwood *v.* Scovel, 4 Pick., 422; 4 Maule & Sel., 505; Sheldon *v.* Clark, 1 Johns., 513; Bennett *v.* Hurd, 3 Johns., 438; Vavasour *v.* Ormrod, 6 B. & C., 430.

*French, Simpson*, and *McCormick & Logan*, for appellee.

WEST, ASSOCIATE JUSTICE.—We do not think that the agreement of counsel filed in the case, as to certain matters of evidence, was intended or had the effect to preclude the appellant from raising objections to the relevancy and competency in evidence of the particular benefit certificate in question.

This agreement, it is true, is very broad and sweeping in its terms, but cannot, we think, taking the whole matter into consideration, with reference to the then state of the pleadings of the appellee, be considered to have gone quite to that length. It was doubtless intended to shorten the case, and though it must be confessed it is not very happily expressed in several particulars, upon a consideration of the whole agreement, we are of the opinion that it did not entirely cut the appellant off from or destroy his right to make the objections under consideration to the benefit certificate in question, as not being the certificate declared on and set out in the pleadings, in reference to which the agreement was entered into.

Such, too, it would seem, was the view taken by the district judge who presided at the trial, of the effect of the agreement of counsel. For the court entertained the objections raised, considered them and supposed them, not well taken, not on the ground that appellant's right to object was lost by the agreement, but on the ground that the objections were not good in themselves.

These objections to the admissibility of the certificate in question, and which are contained in the bill of exceptions in the record, should have been sustained. They called the attention of the court to a material variance between the benefit certificate described and set forth in the pleadings of appellee, and the one produced and offered in evidence on the trial.

This error will necessitate a reversal of the case. Before the next trial the pleadings of appellee can be so amended that there need not be any variance between the allegations and the proof in this particular.

The appellant insists, as the benefit certificate, by its terms, does not bind it to pay absolutely $5,000, but only binds it to pay out of its benefit fund an uncertain amount, not to exceed $5,000, that it. was the duty of the appellee to show by his pleadings and proof that the condition of the benefit fund was such when the loss occurred, that the appellant was bound to pay the full sum of $5,000.

This is not a correct view of the matter. The appellee has not, and the appellant has, access to all the accounts, books, vouchers and official papers of the appellant, and can ascertain at once the condition and amount of this benefit fund. If that fund is not large enough

to authorize or require the association, under its rules and regulations, to pay the largest amount named in the certificate that a companion who is a sixth degree contributor is entitled to, the appellant knows it, and can set this fact up specially as a matter of defense. No such defense was set up in this case.

The whole charge of the court in this case was in these words. " You are hereby instructed to return a verdict in favor of the plaintiff for the amount sued for."

The only charge asked by the appellant was in effect as follows: The facts of the case being either agreed upon or not controverted, the defendant (appellant) is entitled to a verdict, and you will so find.

This was not more edifying or satisfactory than the sole instruction asked by the appellee, which was as follows: "The court is asked to charge the jury that the defendant (appellant) is a life insurance company doing business in the state of Texas for profit, and not a purely benevolent association, as claimed by it."

There are a number of cases in which it has been held that, where there is no evidence whatever to the contrary, such a charge as the one above quoted is permissible. Hedgepeth v. Robertson, 18 Tex., 871; Mitchell v. De Witt, 20 Tex., 294; Austin v. Talk, 20 Tex., 164; Roddy v. Kingsbury, 5 Tex., 152; Andrews v. Smithwick, 20 Tex., 118; Reid v. Reid, 11 Tex., 593; Patton v. Rucker, 29 Tex., 407; Lea v. Hernandez, 10 Tex., 137; Bond v. Mallow, 17 Tex., 636; Parker v. Leman, 10 Tex., 116; Teal v. Terrell, 58 Tex., 261; Rogers v. Brodnax, 24 Tex., 542. Such an instruction, however, should never be given in any case where there is any question of fact to be submitted to the jury for their determination.

We do not think the case under consideration belongs to that class of cases in which such a charge would be permitted. It is true that in this case, as often happens in many other cases, there is little or no controversy as to the existence of the main facts in the case.

The main contention is as to the proper conclusion to be drawn by the jury from them. To this aspect of the case the court should, in its charge, have addressed itself, and given the jury proper instructions to guide them in their inquiries into this matter.

The appellant, however, having also assumed in the charge asked that there were no disputed facts in the case to be found by the jury, could not now be heard to complain of the charge of the court in this respect. Were this the only error assigned the judgment would not be reversed on that ground, under the circumstances of this case.

For the error of the court, however, in the admission in evidence of the benefit certificate, under the state of the pleadings above adverted to, the judgment will be reversed.

The case of Rogers v. Brodnax, 24 Tex., 542, can be studied with advantage on the duty of a judge in giving his charge to the jury. In that case the court charged the jury in so many words to find for the defendant. In delivering the opinion of the court reversing the case for that reason, Judge Roberts treats in a very satisfactory manner of the duties of a judge in delivering his charge, as defined by our statutes. R. S., arts. 1316, 1317 et seq.

For the error above indicated, the judgment is reversed and the case remanded.

REVERSED AND REMANDED.

[Opinion delivered March 14, 1884.]