Grover, J.
 

 The counsel for the appellants insists, that as the respondents’ counsel did not request the court to submit any question of fact upon which there was a conflict of testa mony to the jury, his exception to the direction tti the jury to find a verdict for $200 for the plaintiff does not enable him to raise any such question upon appeal, and cites
 
 Winchell
 
 v.
 
 Hicks
 
 (18 N. Y., 558), in support of his position. The rule adopted in that case has no application to the facts in the present. In this the judge decided, that if the jury should find precisely as. the defendants’ witnesses say, still they were
 
 *106
 
 liable, and thereupon directed the jury to find a verdict for the plaintiffs; to which the defendants’ counsel excepted. This exception presents the question, whether, assuming the facts to have been precisely as testified by the witnesses for the defendants, they were liable to the penalties imposed by the fourth section of chapter 306 of Laws of 1862, page 513, entitled
 
 “
 
 An act to prevent and punish fraud in the use of false stamps, brands, labels or trade marks,” as amended by section 2, chapter 209, Laws of 1863. That question is, whether, to render the party making the sale liable to the penalty, such sale must be made with intent to defraud some person or persons, or some body corporate, as the testimony of the defendants’ witnesses shows clearly that the defendants had no such intent in selling the single package of soap to the witness Peckham. A careful reading of the section shows clearly, I think, that the sale in question must have been so made, or the penalty thereby imposed was not incurred. That section, as so amended, provides that any person or persons who shall, with intent to defraud any person or persons, body corporate or politic, knowingly affix or. cause to be affixed to or upon any bottle, etc., containing goods, etc., any stamp, etc., which shall designate any goods, etc., either wholly or in part, by a word or words which shall be wholly or in part the same to the eye or in sound to the ear as the word or words, or some of the words used by any other person or persons for designating any goods, manufacture, pre7 paration or compound manufactured or prepared by or for such other person or persons, or who shall knowingly sell or expose or offer for sale any such bottle, case, box or package with any such stamp, brand, label, wrapper, imprint or mark affixed to or upon it, shall, provided such person or persons so affixing or causing to be affixed any such stamp, brand, label, wrapper, imprint or mark, or so selling or exposing or offering for sale any such bottle, case, box or package, shall not have been the first to employ or use such words to designate wholly or in part any goods, manufacture, preparation or compound, upon conviction thereof be deemed guilty of a
 
 *107
 
 misdemeanor, and shall be punished by imprisonment in the county jail not less than six months nor more than twelve months, or be fined not more than $5,000, and shall also be liable to the party aggrieved in the penal sum of $100 for each and every offence, to be recovered by him in any court of law in this State. There can be no question but that the commission of any acts by which the penalty is incurred renders the party committing them liable to a conviction and punishment for a misdemeanor. The question is whether the selling or exposing or offering for sale must be with intent to defraud to constitute a misdemeanor or make the party liable to the penalty. I think a doubt could hardly be entertained but for what intervenes, declaring what acts shall constitute the offence of affixing the stamp, and that of selling or offering for sale, and yet it is obvious that this intervening matter does not affect the construction of the statute. Omitting this matter, the statute will read: Any person or persons who shall, with intent to defraud any person or persons, body corporate or politic, knowingly affix, or who shall, knowing, sell after it has been affixed, shall be deemed guilty of a misdemeanor. So read, I think it obvious that in either, whether affixing or selling, to render the party guilty of the misdemeanor or liable to the penalty, the act must be done with intent to defraud. The word knowingly has no force in either clause upon any other construction. Ho rational person can affix a stamp to a package, etc., or surely sell or offer to sell a package with a stamp affixed thereto, without doing the act knowingly; but that word has force if guilt is incurred only in cases where the act is done with intent to defraud, by selling upon the credit of the stamp; as to show such intent, the party must know the facts constituting the right of the party intended to be defrauded. Upon the construction contended for by the counsel for the plaintiff, that the offence is committed, although the sale is made without any design to defraud, a person would be liable for selling a package having thereon a label containing some of the words used in the trade mark of another manufacturer,
 
 *108
 
 • although such words were used in connection with other words in the label, showing clearly that the package was not the product of such manufacturer. This answers the argument of the counsel for the plaintiff, based upon the omission of the words
 
 “
 
 without disclosing to the purchaser,” found in section three of the act of 1850, 197, making it a misdemeanor so to
 
 sell;
 
 and of the like words in section two of the act of 1845, 304, from section four of the act of 1862, now under consideration, as in ease of a purchaser claiming the penalty under it, he must show that the sale was made to defraud him. The only possible effect of the change of the phraseology in section four of the act of 1862, from that in the acts of 1845 and 1850; so far as selling or offering for sale, is that, under the act of 1850, a party selling to a purchaser, having full knowledge of all the facts, for the purpose of resale by him, with intent to defraud the owner of the trade mark by such resale, being made upon the credit of the mark, may be liable for the penalty to the owner of the trade mark; but whether so liable, or whether the remedy of the owner of the trade mark is not restricted to that given by section three of the act of 1862, as amended by the act of 1863, are questions not now necessary to determine. The General Term was right in holding that a misdemeanor was not perpetrated, or a penalty incurred; by a sale free from all intent to injure any one, and their order reversing the judgment and directing a new trial must be affirmed, and judgment, final with costs, given for the defendants upon the stipulation.
 

 All concur;
 

 Judgment accordingly.