HENRY STUDE v. C. B. SAUNDERS.

(February 10, 1880.)

CHARGE. — Where the charge of the court in effect excluded material conclusions to be deduced from the evidence, it is error, without counter-instructions having been presented.

SAME — DAMAGE TO PERSON. — In a suit for damages caused to the person by an assault and battery, *held,* that it was error to so instruct the jury as to exclude from their consideration all the circumstances explanatory of the motives and intent of the defendant in striking the blow, or explanatory of the provocation given, notwithstanding the jury might have been satisfied that the defendant wrongfully began the difficulty.

APPEAL from Harris county.    Opinion by WALKER, P. J.

STATEMENT. — This was an action by the appellee against the appellant for damages, based upon an assault and battery committed upon him by the defendant.    The petition claimed $5,000 as damages, actual and punitory, alleging the actual damages, by itemized statement thereof, to be $542.80.

The evidence on the trial showed that the parties, at the time of the alleged personal trespass, were partners, keeping, together, a coffee saloon in the market-house in the city of Houston; that, on the occasion referred to, Saunders coming to their place of business, his partner, who was at the time waiting on a customer and holding a gallon milk-can in his hand, — which was described as an utensil made of tin, with a handle five inches in length, — commenced complaining to him for his lateness in coming to their place of business.    The tone or temper or degree of violence of the defendant's remarks, in the beginning of the conversation between them, are variously indicated by the several witnesses.    All accounts concur that it soon warmed into a quarrel in the German language, resulting in at least one severe blow directed by the defendant against the plaintiff, inflicting a wound requiring medical aid and attention, and an injury, the particulars of which need not be further

stated. The plaintiff neither struck nor attempted to strike the defendant, nor did he offer resistance when stricken.

The conversation, as all the witnesses testified, was begun by the defendant. The plaintiff stated, as a witness, that when he came in the defendant commenced abusing him for coming so late, and was very angry; that he tried to pacify him; and after the further recital of unimportant particulars relating to the progress of the verbal controversy, stated that as he was turning around to leave the saloon the defendant struck him with the milk-can.

John Jianes testified that when Saunders came in the defendant said something to him in German which he did not understand, in which language they continued to talk, and which he did not understand; that they talked loudly, and both seemed to be angry; and that when the blow was stricken Saunders was standing facing Stude and had his right hand extended.

George Pritchard, a witness, testified that he heard them talking loudly; they seemed to be quarreling; heard a blow struck; he did not understand them, as they used the German language. Ricka Luck, who understood the language, testified that "Stude commenced at Saunders about coming so late, and they went on talking and both seemed mad." Witness Trepagnier stated that they talked loudly in German, and seemed to be angry, when Saunders threw his right hand down, when Stude struck him.

The defendant testified that the plaintiff came unusually late; he complained to him about it, and we got to quarreling; we both got mad, and both abused each other in our language; we quarreled a good while; and stated that whilst he was waiting on a customer Saunders came to him with his closed hand extended, and said "I will shoot you," when he instantly struck him; I struck him because he said he "would shoot me." He stated, also, that he knew there was a pistol in the saloon. Another witness, Ella Dale, also testified that Saunders walked up to him (Stude), and said, "I will shoot you."

The jury returned a verdict for $583.55 actual damages, and $500 exemplary damages, in favor of the plaintiff.

OPINION.— The only error assigned by the appellant which need be noticed is the third, viz.: "The court erred in its fifth instruction to the jury, as follows: 'But if Stude himself began the quarrel, you are to disregard what plaintiff may have said, so far as mitigation goes.'" There were no counter-instructions asked by the defendant, nor exception taken to the charge. It is submitted in the brief of the appellee that, the appellant having failed to either except to the charge given, or to ask a counter-charge, that an objection urged now to the correctness of the instruction given to the jury will not here be considered. The cases cited and relied on to support this position, as applied to the record before us, fail to maintain it. "Where the charge in effect excluded material conclusions to be deduced from the evidence, it is error, without counter-instructions having been presented." Chamblee v. Tarbox, 27 Tex., 146.

The instruction complained of presented to the jury a proposition which subjects it to the operation of the rule just quoted. On the question of exemplary or punitive damages, "circumstances which do not amount to a justification, but merely palliate the character of the offense and mitigate the wrong, are admissible in evidence in reduction of the damages under the general issue; . . . circumstances cannot be given in evidence in mitigation of damages where they would amount to a complete justification and might have been pleaded as such; but where they fall short of a complete justification, and do not amount to a defense to the action, they may be given in evidence in mitigation of damages as establishing a less aggravated case against the defendant." Addison on Torts, 993–4; Wood's Mayne on Damages, 591 (note).

Provocation so recent and immediate as to induce a presumption that the violence was committed under the immediate influence of the feelings and passions excited by

it is admissible evidence in mitigation of damages. Sedgwick on Measure of Damages, p. 644.

The consideration that the defendant may have begun the quarrel constituted only a part of the facts of the transaction; and, whilst it was one proper for the consideration of the jury in estimating the amount of damages, it was the right of the defendant to have had the benefit of all the other circumstances attending and immediately connected with the alleged trespass which might modify or qualify the weight to be given by the jury to the fact that he may have in fact begun the quarrel; and it was error to so instruct the jury as to exclude from their consideration all the circumstances explanatory of the motives and intent of the defendant in striking the blow, or explanatory of the provocation given, notwithstanding the jury might have been satisfied that the defendant wrongfu'ly began the difficulty.

The effect of the instruction given was to deprive the defendant of the benefit of all the evidence before the jury tending materially to mitigate the otherwise seeming wantonness of the assault and battery committed on the person of the plaintiff. This evidence consisted in the testimony of two witnesses that the plaintiff threatened to shoot the defendant; and it was in evidence further that his hand was extended and closed; that defendant struck plaintiff at that time and because he was incensed at the threat. The evidence was material to the defendant; and under the instruction given to the jury not to consider the words used by the plaintiff in mitigation of damages, we cannot say that the finding of the jury would not have been more favorable to the defendant but for the erroneous charge given by the court, and that he may therefore have suffered injury from the error complained of. For this error the judgment must be reversed.

The appellant assigns as error the following paragraph of the second instruction contained in the general charge, viz.: " If Stude began the quarrel, then if·(there was) a continuance therein, he must be regarded as the aggressor." This paragraph is the concluding one in an otherwise cor-

rect instruction on the law of self-defense, as applied to this case; and it is a qualification in the terms, as above given, of the defendant's right, from actual or apparent danger of immediate violence from the plaintiff, to defend himself properly under the law. The qualification was not exactly correct. If Stude provoked the difficulty with the intention of engaging in a combat, or by his words and acts provoked the plaintiff to strike him, with the intention of inducing a breach of the peace, he would not, in thus voluntarily seeking and provoking the necessity of defending himself in a fight upon which he voluntarily entered, be permitted to invoke the application of the doctrine of necessary self-defense, unless the plaintiff had resorted to means or used a degree of violence beyond that which he himself was offering to use in the proposed combat. The beginning and continuance, by the defendant, of a mere quarrel of words, without the intent and purpose above indicated, would not be sufficient to qualify the absolute right of self-defense against offered violence.

In view of the reversal of the judgment and of another trial of the cause, we have deemed it proper to make the foregoing comments upon the instruction of the court last referred to, in order that the charge of the court on the question of self-defense may be made to conform to the views of the law which we have expressed.

It is the opinion of the court that the judgment be reversed and the cause remanded.