DAN SULLIVAN v. R. L. O'NEAL ET AL.

(Case No. 5780.)

1. PAROL CONTRACTS—SPECIFIC PERFORMANCE—EQUITY—Unless a fraud will result from the unhindered operation of the statute prohibiting the enforcement of parol contracts for the sale of land, equity will not interpose. (Ann Berta Lodge v. Leverton, 42 Tex., 21.)
2. SAME—IMPROVEMENTS—If the purchaser, under a parol contract to convey land,

VOL. LXVI—28.

advances to his vendor money to be used by him in erecting improvements on the land, and the vendor then refuses to convey, no equity arises from the advancement.    The remedy is a suit for money had and received.

3. SAME—If the parol purchaser himself uses the money in erecting improvements on the land, and his vendor then refuses to convey, there is no remedy at law, and equity will interpose.

4. SAME—PARTITION—A parol contract was made to convey an undivided interest in a tract of land.  Afterwards a parol partition of the tract was made, but it did not appear that the purchaser incurred any expense or trouble in that connection.  *Held*, no equity arose from the parol partition, and it amounted to no more than a change of the verbal contract.

5. SAME—STATUTE OF FRAUDS—A deed, repudiated by the vendee and destroyed with his consent, cannot afterwards be claimed by him as a compliance with the statute of frauds.

APPEAL from McMullen.  Tried below before the Hon. D. P. Marr.

This was a suit of trespass to try title for 900¼ acres of land out of the J. M. Jean survey of 3602 acres in McMullen county.

The opinion states the facts.

*L. D. Murphy*, for appellant, as to the sufficiency of the deed as a memorandum, cited:  Jones *v.* Brock, 8 Tex., 78; Patton *v.* Rucker, 29 Tex., 402; Clason *v.* Bailey, 14 Johñ., 484; Fowle *v.* Freeman, 9 Vesey, 351.

As to the partition, payment of purchase money and improvements, raising an equity, he cited:  Neatherly *v.* Ripley, 21 Tex., 434; Taylor *v.* Ashley, 15 Tex., 50;  Williams *v.* Morris, 5 Otto, 457; Ponce *v.* McWhorter, 50 Tex., 562; Lester *v.* Foxcraft, 1 L. C. E., 557, and notes; Syler *v.* Eckhart, 1 Binney, 378.

*Archer & Atkinson*, for appellees, as to the sufficiency of the deed, cited:  Garner *v.* Stubblefield, 5 Tex., 552; Jones *v.* Brock, 8 Tex., 78, *et seq.*; McLaughlin *v.* McManigle, 63 Tex., 556, *et seq.*; 4 Kent's Commentaries, Mar., 454; 3 Washburne on Real Property, 282; 1 Story's Eq., 12 ed., secs. 760, 761.

As to an equity arising, they cited:  Jones *v.* Carver, 59 Tex., 294; Ann Berta Lodge *v.* Leverton, 42 Tex., 24, *et seq.*;  Ward *v.* Stuart, 62 Tex., 335; 3 Washburne on Real Property, 235; Farris *v.* Bennett, 26 Tex., 572; Todd *v.* Caldwell, 10 Tex., 236, *et seq.*; Garner *v.* Stubblefield, 5 Tex., 555, *et seq.*; 3 Washburn on Real Property, 235; 1 Story's Eq., 12 ed., sec. 776, and note 1; Hendricks *v.* Snediker, 30 Tex., 306; Edwards *v.* Norton, 55 Tex., 410; 1 Story's Eq., 12 ed., sec. 759, *et seq.*

ROBERTSON, ASSOCIATE JUSTICE.—O'Neal and Dan and Horace Yeamans were the owners of a tract of land in McMullen county, and

they contracted to sell an undivided fourth to Pertilla Lee. This contract was verbal. Subsequently a partition was made and one-fourth of the tract was set apart for Lee. Lee paid something more than half the purchase money, and also paid to the vendors his share of the expense of building a fence, which was erected, around the entire tract of land. The partition was verbal, and whilst one of the Yeamans was not a party to it, he subsequently ratified what was done by the other parties. No deed was to be made to Lee until the purchase money was paid, and Lee never had actual possession of any part of the land.

In this situation an execution against Lee was levied upon the tract set apart to him in the parol partition, and it was sold and purchased by the plaintiff in execution, who brought this suit against Lee, O'Neal and the Yeamans, to recover the land, and upon tender by the plaintiff of the balance of the purchase money due by Lee, there was prayer for specific performance of the contract of sale. A trial resulted in a general judgment for the defendants, from which the plaintiff has appealed.

The judgment ought to be affirmed, unless at the time of the levy there had been such part performance of the parol contract between Lee and the owners of the land, as entitled him in equity upon the payment of the balance of the purchase money, to compel the former owners to make him a deed. Unless a fraud will result from the unhindered operation of the statute, which prohibits the enforcement of parol contracts for the sale of land, equity will not interpose. Ann Berta Lodge v. Leverton, 42 Tex., 21.

If the vendee pays the purchase money under such a contract, he can sue for money had and received if the vendor refuses to perform. He may thus at law restore his *statu quo* without the aid of chancery. Any sum advanced to the vendor under the contract finally abandoned by him, may be thus recovered by the vendee. His share of the expense of building the common fence may undoubtedly be recovered by him from the vendors, if he can recover the purchase money paid by him. A suit for both would be sustained by precisely the same facts that would authorize the recovery of either. What sums was advanced by the vendee to build the fence does not appear. It may have been so insignificant as to raise no equity, even if Lee had been placed in possession, and he had himself used the amount in erecting improvements on the land.

There is, however, this difference to be noted between advancing to the vendor money to be used by him in erecting an improvement upon the land he has agreed to sell, and which he afterwards refuses to con-

vey, and the use of the same money by the parol purchaser in erecting improvements on the land which the vendor then refuses to convey; in the first case, no equity arises from the advancement; the remedy at law is ample, and there is no occasion for the interposition of equity; while, in the other case, there is no remedy at law and equity must interpose, or the statute to prevent frauds is used to perpetrate one. No equity could arise from the parol partition disclosed in the record. It does not appear that the purchaser incurred any expense or trouble in that connection.    It amounts to no more than a change of the verbal contract from an agreement to sell an undivided interest, to one to sell a specified tract of land.

A deed was made out and signed by the vendors in accordance with their understanding of the parol contract, which was to be delivered to Lee on the payment of the balance of the purchase money.    It was never seen by Lee, and was never delivered; he was advised of its terms, and he refused even to accept it.    The deed was to him, and he claimed that the land was to be conveyed to his son.    The instrument, when repudiated by Lee as the expression of the vendor's obligation, was destroyed.    Whether an undelivered deed can ever be used as a memorandum in writing, under the statute of frauds, is not settled by authority.    See Reed on Statute of Frauds, secs. 337, 338, 389, and note.

If this one had been in form and fact a memorandum, when it was repudiated by Lee, and destroyed, in effect, with his consent, it certainly could not afterwards be claimed by him as a compliance with the law.    The plaintiff, by his purchase at the execution sale, got no more than Lee's interest in the land, and as Lee then had no such interest as would have enabled him to recover the land from O'Neal and the Yeamans, and no right to force the passage of title, the plaintiff's suit for the land and for specific performance, was properly decided against him.

The judgment below is, therefore, affirmed.

                                                    AFFIRMED.

[Opinion delivered June 11, 1886.]