MARY R. BERRY ET AL. v. TEXAS & NEW ORLEANS RAILWAY CO.

No. 2597.

1. **Continuance.**—Application held insufficient.

2. **Immaterial Error.**—The admission of incompetent testimony for the defendant will not be grounds for reversal where the plaintiff's case does not show a cause of action.

3. **Charge of Court—Practice.**—It seems the law does not require a district judge to charge the jury unless requested by one of the parties. If he does charge it should be in writing.

APPEAL from Orange. Tried below before Hon. W. H. Ford.

This is an appeal from a judgment for the defendant in a suit by the appellants for damages against the appellee for negligently causing the death of Clarence B. Berry, an employe, by the negligence of an incompetent coemploye.

The plaintiffs below made an application for continuance as follows:

"And now come Mary B. Berry et al., plaintiffs in said cause, by attorney, and respectfully show the court that they can not go safely to trial at this term of the court for want of the evidence of Mrs. M. R. Parker, who resides on Cedar Bayou in Chambers or Liberty County, Texas, as he is informed and believes, plaintiff in this cause; that said witness has been in prompt attendance at the different terms of this court ever since the filing of this suit, and as affiant is informed and believes and verily does believe by the serious illness of her child Beulah C. Berry, plaintiff, is not able to attend this term; that affiant derives this information from a letter received by him from said plaintiff in which she says: 'Your favor of 10th instant came to hand last mail. I had thought for several days of writing to you, but Beulah has been very sick for a week and of course I did not write. She is improving but slowly. Owing to her illness it will be impossible for me to come this time as she will not be strong enough for the trip. She is very weak and badly salivated which is against her improving very fast.'

"That the testimony of said witness is material to aid plaintiffs. That they expect to prove in addition to her written evidence on a former trial that there was dissatisfaction among the employes in the yard with the company in placing Sunburg in the position of engineer over them.

"That some of the employes declared (Berry for one) in her presence that they would give notice to remove him or quit. That he has stated the facts as to diligence and the cause of failure of the witness to appear.

"That they further expect to prove by said witness the declarations of the deceased, Berry, made shortly after he was injured as to how he was injured; that said testimony can not be obtained from any other source known to affiant. That this continuance is not sought for delay, but that justice may be done. That he expects to procure said testimony by the next term of this court. That this application is made by attorney because of the unavoidable absence of the plaintiff, and that the plaintiff is not seeking to evade the requirements of the law by procuring affiant to swear to a state of facts to which she herself could not swear.

"Affiant further shows to the court that on the nineteenth day of October, 1882, he caused R. H. Smith, then clerk of this court, to issue an attachment for Horace Smith, John Haggerty, John Harrison, J. E. Grady, and John Jeffries, whose evidence is material, which attachment was returned by G. W. Michael, sheriff of this county, 'Come to hand the same day issued, A. D. 1882, and executed same day of issue by summoning all of the within named but J. Hanson,' which said attachment is hereto attached and made part of this motion. And that said witnesses have failed to answer to their names at this term of the court. Whereupon affiant prays that this cause be continued." (Sworn to, etc.)

The application was overruled, the court holding it insufficient in law.

The plaintiffs excepted. A jury was empanneled and testimony adduced. The judge it seems directed the jury to find for the defendant.

The opinion discloses the material defects in the plaintiffs' case and the necessity for such charge.

A motion for new trial was overruled. The matters in it are sufficiently shown in the opinion.

*John T. Stark,* for appellants. — 1. When it manifestly appears from the affidavit or from the facts developed during the progress of the trial that the testimony was material for the attainment of the ends of justice, then the continuance should have been granted. Stanley v. Epperson, 45 Texas, 644; Chilson v. Reeves, 29 Texas, 275.

2. Though the application fails to comply strictly with the requirements of the statute, yet if the allegations if proved show a material bearing on the result of the trial the continuance should be granted. Stanley v. Epperson, 45 Texas, 644; Chilson v. Reeves, 29 Texas, 275; Pasch. Dig., art. 1470, note 566; Nelson v. The State, 1 Ct. App., 43.

3. The judge is required after the argument of counsel to deliver a written charge, and to so frame his charge as to submit questions of fact solely to the jury, deciding on and instructing them as to the law arising on the facts, distinctly separating questions of law from questions of fact, and shall submit all controverted questions of fact solely to the jury. Pasch. Dig., art. 1464, note 562; Rev. Stats., art. 1217.

4. When upon an issue pending before a jury there is evidence in favor of either party it is error in the court to charge the jury to return a verdict against such a party, even though the weight of evidence be against him. Potter v. Wheat, 53 Texas, 401. If there be parol evidence conducing to prove a material issue in the cause, it is error to withdraw the case from the jury. Patton v. Rucker, 29 Texas, 402.

*Perryman & Gillaspie,* for appellee. — 1. On motion for continuance. Rev. Stats., art. 2218a; City Nat. Bank v. Stout, 61 Texas, 567; Texas & Pac. Ry. Co. v. Hardin, 62 Texas, 367; Hunter v. Waite, 11 Texas, 85; Hensley v. Lytle, 5 Texas, 497; Arnold v. Hockney, 51 Texas, 46.

2. The admission or exclusion of evidence which would not have changed the verdict can not be considered cause for reversal. Morrison v. Loftin, 44 Texas, 17; Titus v. Johnson, 50 Texas, 224; Guerin v. Patterson et al., 55 Texas, 124; Zorn v. Tarver, 57 Texas, 388.

3. The facts proved by appellants on trial in court below were wholly insufficient to warrant a verdict in their favor. They prove no damages nor do they show that either of appellants were in any such way connected with the deceased as to authorize a recovery on their part. Flanagan v. Boggess et al., 46 Texas, 330; Ry. Co. v. Berry, 67 Texas, 238.

HENRY, ASSOCIATE JUSTICE.—The original petition in this case was filed in 1882 by appellant in behalf of herself and minor child to recover of appellee damages for the death of Clarence B. Berry, husband of one and father of the other.

The cause of action as stated in the brief of appellant is that the said Clarence B. Berry was in the year 1881 in the employ of the defendant railroad company as a brakeman at Orange, Texas; that at the same time one Charles Sunburg was in the employment of said corporation as an engineer; that Sunburg was an incompetent and untrustworthy engineer and known to be such by his employer; that in the year 1881, while said Clarence B. Berry was in the discharge of his duty as brakeman, the corporation by said Charles Sunburg carelessly and negligently propelled its cars and left an open ditch on its side track so that while attempting to make a coupling of cars said Berry fell into the ditch and was run over by the cars, causing his leg and hand to be crushed, from the effects of which he died.

The cause was tried at the spring term 1888 of the District Court, resulting in a verdict and judgment for the defendant, from which plaintiffs prosecute this appeal.

There is in the record a statement of facts which need not be considered further than to state that it fails to disclose the existence of any relationship between deceased and either of the plaintiffs, or that any damage to anybody resulted from the death of Berry. There is no evidence on these issues. As to the ditch and engineer the evidence fails to disclose any negligence with regard to the ditch and tends only to establish that the engineer was competent and skillful and guilty of no negligence.

The plaintiffs applied for a continuance, which the court denied. This ruling is assigned as error. Application for the continuance was made and sworn to by plaintiffs' attorney. There is nothing in the record showing whether the case had ever been continued before this application was made.

The ground stated is the want of the testimony of Mrs. M. R. Parker (plaintiff), who it is stated resides in Chambers or Liberty County, Texas. It is stated on information and belief that she had been in attendance at the different terms of the court since her suit was filed. Extracts from an undated letter from her to her attorney are included in the application, showing that her absence from the trial, which was anticipated, would be owing to the sickness of her child and coplaintiff. It is stated that the evidence of the plaintiff is material, but what it would be is not disclosed further than that in addition to her written evidence on a former trial she would testify "that there was dissatisfaction among the employes of the company about Sunburg's being placed in the position of engineer, and that some of them, her husband in the number, had declared they would abandon the service of the company if he was not

discharged." Also that the declarations of Berry made shortly after his injury as to the cause of his injury would be proved by this witness. What the declarations were is not stated.

The application also shows that in 1882 attachments were sued out by plaintiffs for a number of witnesses residing in Orange County which were returned by the sheriff as executed "by summoning said witnesses." The application states that the evidence of said witnesses is material for plaintiffs, and that they were not in attendance then. It fails to disclose what facts the witnesses were expected to testify to.

What the written evidence of the plaintiff on a former trial alluded to in the application for continuance was is not disclosed by the application and only appears as part of appellants' assignment of errors. As it appears there it does contain some matters of substance that would have been useful if developed earlier in the proceedings. In an amended motion for new trial it is shown that another writ issued for the attached witnesses was executed in 1883 by arresting the witnesses. This was not shown in the application to continue. The application to continue is defective in so many particulars that it is useless to particularize them or discuss it.

Objections to the admissibility of certain evidence offered by the defendant were made by plaintiffs. The objections were not well taken. The result to the plaintiffs would not have been different if all the evidence of the defendant had been excluded.

Other errors insisted upon by appellants are to the effect that the court refused to allow plaintiffs' counsel to read the authorities relied on by him, and that the court refused to instruct the jury on the law of the case, but ordered a verdict for defendant, stating "in the hearing of the jury" that plaintiffs had failed to prove their case. In fact the record fails to show that the judge charged the jury at all. No bill of exceptions was taken showing that he made the remarks attributed to him.

We do not understand that the law requires a district judge to charge the jury unless requested by one of the parties. If he does charge it should be in writing. Whatever error was committed in this respect it would not lead to a reversal unless it was apparent that it may have injuriously affected plaintiffs' case.

If under any circumstances a charge can be properly omitted this seems a proper case for such omission. No charge would have been proper that did not direct a verdict for the defendant. / The judgment is affirmed.

*Affirmed.*

Opinion February 8, 1889.