### CHARLES PRESCOTT ET AL. V. JOHN LINNEY.

#### No. 2744.

1. **Trespass to Try Title—Immaterial Questions.**—Plaintiffs in trespass to try title claimed title under the statutes of limitation of five and ten years. Failing in this suit, on appeal, *held*, that questions upon the admissibility of testimony introduced by the defendants in deraigning title from the State were immaterial, because if plaintiff's title by limitation is established the testimony was of no effect, and if not, then they could not recover.

2. **Conflict in Evidence.**—Where the findings of the court upon issues of fact are found upon conflicting testimony, this court will not reverse from mere preponderance of testimony in the record against the finding by the trial court.

3. **Time of Holding District Court.**—By statute (Gen. Laws 21st Leg., p. 155) changing the time of holding courts in the district including Goliad County, enacted April 2, 1889, the time for holding the court in that county being April 22, was changed to the second Monday in April; the act taking effect from its passage. Court began April 22, and adjourned May 3. *Held*, that the court was legal.

4. **Case Adhered To.**—Ex Parte Murphy, 27 Texas Court of Appeals, 492, adhered to.

APPEAL from Goliad. Tried below before Hon. H. Clay Pleasants. The opinion states the case.

*Daniel D. Claiborne* and *A. B. Petacolas*, for appellants.

*Fly & Davidson*, for appellee.—This case was tried at a legal term of court. Ex Parte Murphy, 27 Texas Ct. App., 492; Womack v. Womack, 17 Texas, 1; Graves v. The State, 6 Texas Ct. App., 228; Gen. Laws 18th Leg., p. 61; Gen. Laws 21st Leg., p. 155.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, instituted by appellants to recover six hundred and forty acres of land, part of the Caleb Bennett league, lying in Goliad County.

Plaintiffs allege that their title was acquired through the five and ten years statutes of limitation. Defendants pleaded not guilty.

The case was tried without a jury, and no conclusions of law or fact were filed. The defendants introduced evidence for the purpose of showing a regular chain of title in themselves from the sovereignty of the

soil.    Objections are urged to the evidence introduced to show such title, which we do not deem it necessary to consider, because the existence of such title is immaterial if plaintiffs have shown title by limitation, and if they have not, they can not recover.

It is contended that plaintiffs were entitled to judgment under the proof of their possession under their pleadings of both the five and ten years periods of limitation.

We are not prepared to say that the finding of the judge who tried the cause is without sufficient evidence to sustain it.    The fact that, as the evidence appears to us, we would have been better satisfied with the result if the issue of ten years limitation had been found in favor of plaintiffs, does not authorize a reversal of the cause under the precedents established in such cases.    Many witnesses were examined orally, and the judge who tried the cause had opportunities that we do not possess of estimating the credibility and weight of the testimony.    Whatever impressions may be suggested by the evidence, as presented by the record, it is quite suggestive of conclusions sustaining the judgment.

The case of "Ex Parte Murphy," decided by the Court of Appeals of this State (27 Texas Ct. App., p. 492), construed the Act of April 2, 1889, fixing the times of holding the District Courts in the county of Goliad.    We concur in the views expressed in the opinion in that case, and are of the opinion that the court rendering the judgment in this case was a legal court.

The judgment is affirmed.

*Affirmed.*

Delivered January 17, 1890.