C. AULTMAN & COMPANY v. ELISHA L. MARTIN.

FILED OCTOBER 4, 1893.          No. 4512.

Trial: CONTRACT IN EVIDENCE: CONSTRUCTION: INSTRUCTIONS. Where, upon a trial, it appears that the rights of the parties depend upon a contract between them in evidence, it is the duty

of the court to construe such contract according to its legal effect; and the refusal to give an instruction correctly construing such contract, and pertinent to the issues, is erroneous.

ERROR from the district court of Fillmore county. Tried below before MORRIS, J.

*Sawyer & Snell* for plaintiff in error.

*Chas. H. Sloan* and *Maule & McDonald, contra.*

IRVINE, C.

Elisha L. Martin sued C. Aultman & Company, alleging an indebtedness from Aultman & Company to Martin growing out of certain transactions connected with the sale of a threshing machine by Martin, as the agent of Aultman & Company. The defendant filed practically a general denial followed by a plea of the statute of limitations as to certain items claimed by plaintiff, and also a counter-claim based upon certain matters growing out of the same general transaction. The reply contained a denial of the affirmative matter and also matter in confession and avoidance.

There was a trial to a jury and a verdict for $211 in favor of Martin. Upon a motion for a new trial a remittitur for $11 was required as a condition of sustaining the verdict, the case having been begun before a justice of the peace, and the remittitur being for the purpose of reducing the judgment to an amount within the jurisdiction of the justice.

It appeared from the evidence that Martin acted as agent for Aultman & Company in the sale of machines under written annual contracts, two of which, covering the period of the transactions in question, are in evidence. One of the items claimed by Martin was $85 for freight paid for bringing the threshing machine to Fairmont. One of the provisions of the contract in force at that time was that

the agent agrees " to sell said machine at retail prices that should be furnished by the party of the first part, adding freight and charges," and, further, the agent agrees " to receive all machines and extras shipped, pay freight on the same." The plain object was to insure to Aultman & Company their retail prices for the machines as listed, without deduction for freight, by requiring the agent to pay freight and add this amount to the retail price of the machine. The evidence shows that this machine was sold at not more than $10 over the retail price as listed by Aultman & Company. The defendant requested the court to charge the jury as follows: "You are instructed that the plaintiff cannot recover the item of freight sued for as he agreed to pay it under his contract of agency."

This instruction was refused. In fact, the only instructions given were as follows: First, a statement in detail of the allegations of the pleadings; next, a general instruction as to the burden of proof; next, the usual instruction that the jury is the judge of the credibility of witnesses and the weight to be attached to the testimony; and, finally, that if certain notes taken by Martin had been made in accordance with the contract, then the plaintiff was not liable as guarantor. This related to the subject-matter of the counter-claim. The jury was left entirely free to charge Aultman & Company with the whole amount of the freight, where, under the plain provisions of the contract, they were not liable. In this the court erred.

If the record were otherwise free from objections we might permit the plaintiff to remit the amount of freight from the judgment, and should he so elect, affirm it for the remainder. But we think that justice demands that the case should be remanded for a new trial. The contracts sued upon are complicated, and the items of demand and counter-claim required a construction of various portions of the contracts. The instructions given wholly fail to present to the jury the law bearing upon any of these items, except

upon the single question whether plaintiff was liable as guarantor upon the notes referred to.  The whole case was given to the jury upon a bare statement of the issues and general instructions as to the burden of proof and weight of evidence.  The special law applicable to the different portions of the case was nowhere stated.  The jury was left to judge both of the law and the facts.  The legal effect of a contract is a question of law upon which it is the duty of the court to instruct the jury.  A detailed examination of the different branches of the controversy would be fruitless at this time in the present state of the record.  The refusal to give the instruction in regard to freight is sufficient to require a reversal of the case.

REVERSED AND REMANDED.

THE other commissioners concur.