WHALEY v. McDONALD et al.    (No. 1140.)

(Court of Civil Appeals of Texas.    Amarillo. April 4, 1917.)

1. TRIAL ⟨⟩202—INSTRUCTIONS—LAW OF THE CASE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1970, providing that the judge shall prepare and deliver a written charge to the jury on the law of the case, and article 1971, requiring the charge to be presented to counsel before being read to the jury, do not relieve the trial judge of the common-law duty to give a charge on the law of the case, unless expressly waived.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 474, 477, 482.]

2. APPEAL AND ERROR ⟨⟩1067 — INSTRUCTIONS—LAW OF THE CASE.

If the judge does not give a charge on the law of the case on controverted issues of fact, the error requires reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Trial, Cent. Dig. § 475.]

3. TRIAL ⟨⟩272—INSTRUCTIONS—LAW OF THE CASE.

A party who objects to direction of verdict cannot be held to have expressly waived a charge upon the law of the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 678, 679.]

4. VENDOR AND PURCHASER ⟨⟩334(6)—RECOVERY OF PURCHASE PRICE UNDER VOID CONTRACT.

While payment of purchase money under a verbal contract for sale of land gives no right to specific performance, the vendee may recover the money paid if the vendor refuses to perform.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 963, 973–975.]

5. EVIDENCE ⟨⟩419(2)—CONSIDERATION.

The consideration in a contract for sale of real estate may be shown by parol, and the statute of frauds does not apply thereto.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1912.]

6. VENDOR AND PURCHASER ⟨⟩334(6) — CONSIDERATION.

Where plaintiff paid money as initial payment on the purchase price of land, and on the next day the vendors and plaintiff agreed that plaintiff should take a different tract and the money paid should apply thereto, the vendors could not retain the money and refuse to perform the oral contract, and the vendee could recover the money paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 963, 973–975.]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Action by E. E. Whaley against D. L. McDonald and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

S. J. Dodson, of Hereford, and Crudgington & Works, of Amarillo, for appellant. Knight & Slaton and W. H. Russell, all of Hereford, for appellees.

HUFF, C. J. This is an appeal from a judgment rendered in favor of defendants in error. The judgment of the court was rendered upon a verdict given in obedience to a directed verdict by the court. Plaintiff in error brought suit against the defendants in error for the sum of $4,500, alleging substantially that $300 in money was paid cash and an automobile of the value of $1,500 in part payment for three-quarters of a certain section of land in Deaf Smith county, under a written contract for the purchase of the land by plaintiff in error, of date May 5, 1913. Plaintiff in error further alleged that thereafter the contract for the sale was, by mutual consent, abandoned, and that the consideration above specified as paid was, by verbal agreement of the parties, changed from the above-mentioned land and applied as cash payment on the contract of purchase by the plaintiff in error of a half section of land out of section 24, or a different section to the one originally contracted for, and known as the Estes land, that on May 6, 1913, plaintiff in error and defendants in error entered into a contract to sell the Estes land, and the $4,500 was applied as a cash payment thereon, and defendants in error agreeing to put down on the land by November 1, 1913, a McDonald irrigation well of 1,500 gallons capacity, and they were to make and deliver a deed by November 1, 1913, and that this verbal contract was later confirmed in writing by defendants in error, and plaintiff in error was at all times ready, willing, and able to comply with his part of the contract, but that defendants in error failed and refused to carry out their part of the same, although often requested so to do, that by receiving the money and failing to carry out said contract defendants in error became liable to plaintiffs in error for the amount so paid and applied as part payment on the Estes land, and alleged other matters not necessary at this time to set out. The defendants in error answered by exceptions and general denial, specially admitting execution of the written contract May 5th on the three-quarter section, but denied that the contract was abandoned or modified in writing or otherwise, and denying the breach of the same, and offering to perform thereon. The facts with reference to the pleadings in the case will be hereafter noted under the several assignments.

It is urgently insisted that we should dis-

regard the assignments of error because the trial court instructed a verdict, and that appellant requested no special instruction properly submitting the issues of fact to the jury; that he only filed exceptions to the charge of the court. The objections are brought up in the record by bill of exceptions wherein it is stated the plaintiff "objects and excepts" for the reason that there are many material facts which show plaintiff's right of recovery, "and the charge is erroneous in that the court did not submit to the jury questions of fact in said cause, to wit: [Which were set out in 16 paragraphs of the bill.]" The bill further shows the charge was peremptory, and was presented to counsel for the respective parties before being read to the jury, and that the above objections were presented to the court at that time, who then held the exceptions and objections were not well taken and overruled the same, and the record further shows the trial court thereupon instructed a verdict for the defendants in error.

It may not be inappropriate to call attention to some of the changes in the statutory law with reference to instructions in this state. At common law, unless unauthorized by statute, the court has a right to give the jury correct instructions, whether requested or not, and it was the duty of the court to do so when the justice of the case seemed to require it. Prior to the act of 1903 amending then article 1316, R. S., the trial court in civil cases was not bound to give in charge the law of the case, and a failure to do so was not reversible error, unless a proper charge was requested. This seems to have been recognized as the rule by several cases, while not directly so decided. Berry v. Railway Co., 72 Tex. 620, 10 S. W. 726. But even then the trial court could not direct a verdict where there was evidence tending to support an issue. Rogers v. Broadnax, 24 Tex. 542; Supreme Council v. Anderson, 61 Tex. 296. By the amendment of 1903 it was provided:

"In all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and in open court, deliver a written charge to the jury on the law of the case."

This provision is carried forward in the Civil Statutes as article 1970, Vernon's Sayles' Civil Statutes. This was again amended by the Legislature in 1913, requiring such charge to be submitted to the counsel for the parties a reasonable time before reading to the jury, and also that it should be prepared and delivered in the manner thereafter provided. Article 1971, Vernon's Sayles' Civil Statutes, has the same provision as to the manner in which the charge should be prepared as did the original provision of the act of 1853, with the addition that the charge is to be prepared and presented to counsel for objection, if any, before being read to the jury, and "any and all objections not so made and presented shall be considered waived."

[1] It is manifest, we think, from the wording of these two articles, that it was never the purpose to relieve the trial judge of the duty imposed by law upon him to give a written charge "on the law of the case," unless the same was expressly waived. Article 1971 first requires such a written charge to be prepared and submitted for objections. If the charge so prepared is not objected to, then objections thereto are waived. The inquiry is what is meant by a charge "on the law of the case"? Article 1970 required that it be prepared in the manner thereafter provided. Under the old act the charge "on the law of the case" was to be prepared "under the following restrictions." In Rogers v. Broadnax, supra, Judge Roberts, discussing a peremptory charge, after referring to what is meant by "on the law of the case," said:

" 'He shall not in any case, civil or criminal, charge or comment on the weight of evidence. He shall so frame his charge as to submit questions of fact solely to the decision of the jury, deciding on and instructing them as to the law arising on the facts, distinctly separating questions of law from questions of fact,' etc. O. & W. 128, art. 491. * * * Whether or not the facts alleged are sufficient to relieve him from the obligation to pay, as he agreed, on the face of the notes, is a question of law to be determined by the court; but whether or not those facts thus alleged and denied exist is a question of fact for the jury to determine. The court in this case virtually determined both the questions, of fact, and of law, without separating them, and without submitting the questions of fact to the decision of the jury."

[2] A charge on the law shall be given in writing and prepared and delivered, unless expressly waived as directed by the succeeding articles. If such a charge is not so prepared and delivered, it is error, requiring a reversal, and it has never been held under the previous acts that the aggrieved party was required to request a special charge submitting controverted issues of fact. A failure to submit such issues is positive error under the statutes, and when that is true no request is required. In other states it has been held that where the court directs a verdict, it is not necessary to request the court to submit questions of fact. Note to section 133, Blashfield's Instructions to Juries, where Low v. Hall, 47 N. Y. 104, is cited as supporting the above proposition. We have not access to this report. In this state it has been said:

"Where the charge in effect excludes material conclusions to be deduced from the evidence, it is error without counter instructions having been presented." Chamblee v. Tarbox, 27 Tex. 146; Stude v. Saunders, 2 Posey, Unrep. Cas. 122.

A directed verdict by the judge certainly excludes from the consideration of the jury all evidence and deductions to be derived therefrom. In those states which make it mandatory upon the trial judge to charge the law of the case it is held to be his duty to give instructions substantially covering the

material issues in the case. An entire failure to state the law to the jury is to be distinguished from an omission to instruct on some particular phase of the case, and is erroneous whether requests for instructions are made or not. Mfg. Co. v. Shiley, 15 Neb. 109, 17 N. W. 267; Aultman v. Martin, 37 Neb. 826, 56 N. W. 622. "The law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence" (Railway Co. v. Harris, 76 Ga. 502), and fairly presenting the case to the jury (Douglass v. Geiler, 32 Kan. 499, 4 Pac. 1039). Our courts, we believe, have recognized the rule in those states which impose the duty upon the trial court to substantially charge the law since the act of 1903. Railway Co. v. Votaw, 81 S. W. 130; Schwartzlose v. Mehlitz, 81 S. W. 68; Wallace v. Shapard, 42 Tex. Civ. App. 594, 94 S. W. 151. Of course, if a peremptory charge was in fact the law of the case, there would be no error, whether it was in writing or not, such as to reverse the case. See authorities, supra, and Thornton v. Daniel, 185 S. W. 585.

[3] Under the objections made to the action of the court in this case in directing a verdict, it is too plain for argument that appellant did not .expressly waive a charge upon the law of the case, prepared and delivered, as required by the statutes. The objections made were timely, and, we believe, in substantial compliance with the statutes, under the rule long recognized by the Supreme Court to the effect, where it appears the trial court is unwilling or thought it to be unnecessary to give any charge upon a certain point, a party is not called upon to ask instructions upon such point. Railway Co. v. Underwood, 64 Tex. 463. Appellant therefore would be excused from requesting special instructions under the refusal to submit controverted issues, as shown by the record in this case. We do not understand it to be required by the statutes to both object and request special charges in cases of this kind, and we do not believe any of the courts have gone to the extent here contended for, and certainly this court has not. Rabinowitz v. Smith, 190 S. W. 197; Railway Company v. Alcorn, 178 S. W. 833. We believe the rule relied upon by appellee finds expression only in those cases where the court has in a substantial way charged the law of the case, and which is correct as far as it goes. The ruling is generally, if there is a defense not presented by the charge which may find a support in the evidence, the omission should be supplied by a requested charge properly presenting the law thereon. In so far as we have been able to ascertain this is the only class, or some like cases, in which the rule here invoked is applicable. Such are the cases to which we are referred by appellee. O'Neal v. Bush, 191 S. W. 1133; Railway Co. v. Eberheart, 91 Tex. 321, 43 S. W. 510; Shumard v. Johnson, 66 Tex. 70, 17 S. W. 398. It is universally held by our courts, we think, and all others, that if the charge given by the court is erroneous in a material particular, that is, not the law of the case, the case will be reversed upon proper exception or objection to it, if there is an assignment properly presenting the error. Any other holding would be in the teeth of the statute which declares the judge shall charge the law applicable to the case.

The evidence in this case is sufficient to submit the issue as to whether or not the defendants refused to convey the land known as the Estes land, and whether they breached their oral contract in refusing to put down a well on the land, as agreed upon, whether they refused to convey the land in accordance with the agreement. The evidence is sufficient to require the submission of the issue whether the plaintiff was ready, willing, and able to perform his part of the agreement, whether he demanded of the defendants a performance on their part, and whether they refused to comply. The assignments of error present the above issues in various forms.

The trial court doubtless instructed a verdict on the theory that the agreement was oral and, therefore within the statute of frauds and nonenforceable, and also that the money was first paid on a written contract for the sale of a different tract of land, and that that contract was not rescinded in writing.

The facts, briefly stated, are that on May 5, 1913, the plaintiff in error entered into a written contract with the defendants for the purchase of a three-quarter section of land known as the McDonald land for $18,000, $4,500 cash, 80 acres of land in Colorado, valued at $11,000, and a note for $7,500, the defendants to assume an indebtedness against the Colorado land of $5,000. The $3,000 paid by plaintiff to defendants was cash, and $1,500 by an automobile valued at that sum, which was turned over to the defendants when the contract was signed. The evidence will warrant the finding that on the day the contract was signed plaintiff expressed a desire to look further before signing, but it was stated by defendants, if he found other land upon which they could agree, the consideration paid would be placed upon it. On the morning afterwards, May 6th, plaintiff told the defendants that his wife was not pleased with the place, whereupon defendants said they would satisfy them and showed them a half section of land, being a part of a different section, known as the Estes land. The parties agreed that the terms and price on the second tract should be the same as in the contract of the day previous; the difference being that on the McDonald land there was an irrigation well fully equipped. The Estes land had no such well, and defendant agreed to put down the well and equip it as was the one on the McDonald farm by the 1st of November following.

McDonald testified substantially that the agreement was to allow plaintiff to take the Estes land in place of the McDonald place, and that the defendants were not holding plaintiff on the McDonald land; that they agreed with plaintiff that the $4,500 was to be applied on the Estes contract or place. The plaintiff returned to Colorado after the last agreement to harvest his wheat. There is a conflict in the evidence as to when he was to return and the transaction finally to be closed. The defendants directed plaintiff, if upon returning home he should change his mind and decided to take the McDonald place, to write them in 30 days. Plaintiff wrote the defendants he had not changed his mind and would keep the Estes land. The defendants answered this letter that it would be entirely satisfactory with them for him to take the 320 acres east of Hereford, which is referred to in the record as the Estes land. About the last of October, 1913, plaintiff shipped his household goods and moved to Hereford, near which place the land is situated. The well at that time had not been put down or the equipments provided therefor, as agreed upon. A controversy arose over this matter, which was not adjusted, and a dispute also arose as to when it was that plaintiff should arrive and close the matter, and whether he should go on the land before the well was completed. Deeds were not therefor exchanged, each party contending he was ready, willing, and able to carry out the contract as agreed upon, and each claiming the contract was breached by the other. It resulted in plaintiff demanding a return of the money paid, which was refused and suit instituted for its recovery.

[4] The contention by defendant is that the action of plaintiff is for damages for the breach of a parol contract for the sale of land which is forbidden by the statute of frauds, and that under the pleadings and evidence the court properly instructed a verdict. The payment of purchase money under a verbal contract for the sale of land gives no right for specific performance, but gives a right to recover the money paid, if the vendor refuses to perform. The vendee's remedy under a contract nonenforceable under the statute is for the recovery of the money paid if the vendor refused to make a proper conveyance. The vendee may thus restore his statu quo without the aid of chancery. Sullivan v. O'Neal, 66 Tex. 433, 1 S. W. 185; Bradley v. Owsley, 19 S. W. 340; Boze v. Davis, 14 Tex. 331; Browne on Statute of Frauds, § 118, note 2. This action was not brought, as we understand it, on a contract for a sale of land, but is for money had and received in an oral contract to convey land, which the vendor declined to convey. It is not the compliance with the statute that constitutes the contract. The statute presupposes its legality, the enforcement of which is only suspended by the statute until its

provisions are satisfied. Robb v. San Antonio Street Railway Co., 82 Tex. 392, 18 S. W. 707; Browne on Statute of Frauds, § 115a.

[5, 6] It is urged by defendants there was no error in instructing a verdict because the contract of May 5, 1913, was in full force and effect, and had not been abrogated or abandoned; that the contract was in writing and such contract could only be abandoned or modified by contract of equal dignity. The defendants in error cite the cases of Dial v. Crain, 10 Tex. 444; Sanborn v. Murphy, 5 Tex. Civ. App. 509, 25 S. W. 459, Id., 86 Tex. 437, 25 S. W. 610, and we add Gardner v. Sittig, 188 S. W. 731. Those cases are distinguishable in important particulars from this: In both the Dial and Sanborn Cases the title had substantially vested under the written contract by performance of the terms. It was sought to defeat the vested rights by parol agreement. In the Gardner Case the lease was for a longer term than one year. The tenant had moved out before the expiration of the term and set up a parol agreement changing the terms of the written lease. The statute provides no action shall be brought unless the promise or agreement upon which the action is brought is in writing for the sale of real estate. Article 3965, Revised Civil Statutes. This action is not brought upon the contract for the sale of land, but for money had and received. The contention is, it appears to us, that the money so had and received was not plaintiff's, because it had been paid for a different tract upon a written contract which was unrevoked by a written abandonment. The consideration therefor was in effect returned to plaintiff by defendants. It is generally recognized in this state that the consideration in a contract may be shown by parol, and that the statute does not apply thereto. This statement should not be confused with that line of cases which hold that, if it is contractual, it cannot be shown to be different from the writing by parol. In this case the consideration was returned, paid, and accepted upon a different piece of land. That contract was not illegal; only its enforcement was suspended by the statute until its provisions were satisfied. Showalter v. McDonnell, 83 Tex. 158, 18 S. W. 491. The defendants, according to plaintiff, wrongfully refused to satisfy the statute by conveying the Estes land.

"It would be iniquitous to rule that the plaintiff had no redress for injury or loss that the defendants' intestate had induced him to incur. If the provisions of the statute of frauds cited is to have this effect, instead of preventing fraud, it will be making it the instrument and means of perpetrating fraud." Ray v. Young, 13 Tex. 550; Pipkin v. Bank of Miami, 179 S. W. 914; Garrett v. Danner, 146 S. W. 678.

In the case of Rowson v. McKinney, 157 S. W. 271, it was held, as we understand that case, that an oral agreement to return the purchase money paid on a contract for the

sale of land to the vendee was not within the statutes and could be enforced. The case of Terhune v. First National Bank, 24 Tex. Civ. App. 242, 60 S. W. 352, holds that in an executory contract, where the contract is rescinded by oral agreement, this has the effect to cancel a vendor's lien note. It was said in Sullivan v. O'Neal, supra, if the deed was repudiated by the vendee and destroyed in effect with his consent, it certainly could not afterwards be claimed by him as a compliance with the law. In this case both parties agreed not to go forward with the contract of May 5th. The purchase money was applied on another tract of land by agreement and the consent of all parties. No possession of the first tract of land was taken by plaintiff, and nothing was done thereon except to enter into a written contract and to pay $4,500. The next day the money was paid on the other tract of land and accepted by the defendants as such payment. To hold because there was no reconveyance in writing of the first land, and that the statute of frauds as to that was not fully satisfied, that the defendants can refuse to convey the second tract and at the same time retain the money, after having, by the agreement entered into with plaintiff, induced him to abandon the first contract, would be, in our judgment, to perpetrate a fraud. We do not believe this contention can be sustained by the rules of law or equity.

The case will be reversed and remanded.