### McKINZIE v. SUTTON et al.   (No. 9672.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 15, 1921.)

Continuance ⬤⟞51(5)—Motion for lacking in showing of diligence.

Where plaintiff and witnesses resided in counties other than that of the trial, and during a long continuance no effort was made to take depositions or to secure the testimony sought, and it did not appear that plaintiff was without knowledge of the calling of the special term and the setting of the case for trial, there was lack of diligence under Vernon's Sayles' Ann. Civ. St. 1914, art. 1917, not excused by the fact that counsel, after receiving notice of trial setting, had written letters to party and witnesses.

Appeal from District Court, Erath County; Robert L. Thompson, Special Judge.

Action by Eliza McKinzie, by O. B. Hester, etc., against Lucas McKinzie and J. L. Sutton. Judgment for defendants, and plaintiff appeals. Affirmed.

B. E. Cook, of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellees.

CONNER, C. J. This suit was instituted in the district court of Erath county in De-cember, 1915, in the name of the appellant, Eliza McKinzie, by O. B. Hester, as attorney in fact, against Lucas McKinzie and J. L. Sutton, to recover 56.15 acres of land described in the petition, and as incidental to that relief specially sought to set aside a certain deed, dated June 7, 1912, executed by Eliza McKinzie, conveying to Lucas McKinzie the land mentioned, and to also set aside an agreed judgment of date December, 1913, in favor of the said Lucas McKinzie for the said land in a suit that had been instituted in the name of Eliza McKinzie by one W. D. Bennett as receiver of the estate of Eliza McKinzie. The deed and decree referred to was attacked on the grounds that the deed had been procured through undue influence and at a time when Eliza McKinzie was weak in body and mind and unable to understand the effect of what she did; and the decree was attacked on the ground that the receivership proceedings were void for specified reasons and because at the time, as alleged, Eliza McKinzie was a non compos mentis.

The trial now under consideration was had at a special term of the district court by a special judge in September, 1920, and resulted in a judgment in favor of the appellees.

On this appeal from the judgment referred to appellant's assignments of error assail the action of the court in overruling appellant's motion for continuance; the proceedings not being otherwise questioned.

The record shows that Hon. J. B. Keith, the regular judge, was disqualified in this and in a number of other cases pending on his docket, he having been of counsel in opposition to the suit by the receiver, Bennett. He therefore, in August, 1920, called a special term of the district court of Erath county for the trial of the cases in which he was disqualified, to begin on the 20th day of September, 1920, and to continue two weeks.

The motion under consideration is dual in form and very voluminous. We think it sufficient to say for the purposes of our disposition that it will be conceded that the testimony expected from the several witnesses named in the motion is relevant and material to the issues presented by appellant's petition, but we think the motion (the two motions being treated as one) is wholly lacking in a showing of diligence. As alleged in the motion, not only appellant, but each of the other named parties whose testimony is desired, reside in counties other than that of the trial and it is not made to appear that at any time during the long continuance of the case any effort has ever been made in behalf of appellant to take a deposition or to otherwise secure the testimony sought; nor if, as suggested in appellant's brief, though not alleged in the motion for continuance, the witnesses at a former time resided in

Erath county, is it made to appear that any one of them had at any time attended the court in obedience to a subpœna or testified; nor is it made to appear that appellant was without actual knowledge of the calling of the special term of court and of the setting of the case under consideration for trial. The record shows that the call was duly published, and that the counsel for appellant who presented the motion was personally informed as early as September 6th of the setting of the case for September 20th, and the case was not tried until October 1st, at which time the motion for continuance was finally overruled.

Under such circumstances it cannot be said that the court erred in overruling the motions for continuance. The fact, if conceded, that counsel who presented the motions may have been diligent after receiving actual notice of the setting of the case by writing letters to the appellant and to the various witnesses named, will not excuse the failure to show diligence to procure the testimony prior to this time. See Vernon's Sayles' Texas Civil Statutes, art. 1917; City National Bank of Fort Worth v. Stout, 61 Tex. 567; Railway Co. v. Shuford, 72 Tex. 165, 10 S. W. 408; Berry v. New Orleans Ry. Co., 72 Tex. 620, 10 S. W. 726; Prescott v. Linney, 75 Tex. 615, 12 S. W. 1128; Railway Co. v. Freedman, 18 Tex. Civ. App. 553, 46 S. W. 101.

We conclude that no reversible error is shown, and appellant's assignments of error are overruled, and the judgment accordingly affirmed.