STRAIGHT et al. v. GOODWIN et al.

(Court of Civil Appeals of Texas. Amarillo. May 17, 1913.)

1. COURTS (§ 62*)—TERMS OF COURT—STATUTES—VALIDITY.

A statute so changing the terms of the district court in a judicial district as will result in depriving any county of two terms a year, as provided by Const. art. 5, § 7, is inoperative until such time as the court by conforming to the statute may hold two terms in any county.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 207, 210; Dec. Dig. § 62.*]

2. COURTS (§ 62*) — TERMS OF COURT — STATUTES—VALIDITY.

Acts 32d Leg. c. 107, § 7, fixing the terms of the district court in Knox county on the sixth Mondays after the first Mondays in January and July and may continue in session six weeks, and in King county on the twelfth Mondays after the first Mondays of January and July and may continue in session two weeks, and in Cottle county on the fourteenth Mondays after the first Mondays in January and July, becoming effective March 25, 1911, after the district court had been in session in Knox county for one week under a prior statute fixing terms of court and declaring that the term shall continue for six weeks, did not require the court to adjourn and convene in King county on the following Monday under the act, but it could continue in Knox county for five weeks longer if public business demanded it, and where it continued, the court on appeal, in the absence of a showing to the contrary, would presume

that the business necessarily extended the court beyond the session of one week.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 207, 210; Dec. Dig. § 62.*]

3. JUDGMENT (§ 217*) — FINAL JUDGMENT — PARTIES.

A judgment, adjudging that defendants shall have judgment removing a cloud from title to described real estate, and ordering that plaintiff suing to establish a deed and to remove a cloud on his title shall take nothing against defendants or either of them, rendered in a suit by an heir of a decedent against coheirs and the administrator, is a final judgment and disposes of all the parties, though it inadvertently omits the name of the administrator, which informality may be corrected and the judgment reformed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 394; Dec. Dig. § 217.*]

4. WITNESSES (§ 178*)—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS—"OPPOSITE PARTY."

In a suit by an heir against the administrator and coheirs of decedent to establish a deed alleged to have been executed by decedent to the heir, a coheir made a defendant, who claims other property of decedent under a deed alleged to have been executed at the same time, but who is not interested in the property in question, is not an "opposite party" within Sayles' Ann. Civ. St. 1897, art. 2302, providing that in actions against administrators neither party shall be allowed to testify as to any transaction with decedent unless called to testify by the "opposite party," the term "opposite party" meaning the party to the transaction whose right will be affected by the testimony offered.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 722–725; Dec. Dig. § 178.*

For other definitions, see Words and Phrases, vol. 6, pp. 4999, 5000.]

5. DEEDS (§ 208*) — DELIVERY — EVIDENCE — SUFFICIENCY.

Evidence held to sustain a finding that a deed was not delivered by the grantor and accepted by the grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 625–632; Dec. Dig. § 208.*]

6. APPEAL AND ERROR (§ 731*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

An assignment of error that the court erred in his finding of fact, for the reason that the same is not supported by the evidence, but is contrary to the preponderance of the evidence, and an assignment of error that the court erred in rendering the judgment for the successful party, are too general to require consideration on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

Appeal from District Court, Cottle County; Jo A. P. Dickson, Judge.

Action by Mrs. A. F. Straight and another against J. W. Goodwin and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Whatley & Hawkins, of Paducah, for appellants. R. D. Browne, of Paducah, and O. T. Warlick, of Vernon, for appellees.

HALL, J. This suit was instituted by the appellants, plaintiffs in the court below, in the district court of Cottle county, against D. H. Goodwin, J. J. Randall and wife, L. M. Richards, administrator of the estate of E.

---

T. Goodwin, deceased, J. W. Goodwin, B. F. Kirby, J. L. Tullis, Pearl Montgomery, W. L. Montgomery, Clinton Goodwin, and Hilburn Goodwin, to establish a deed alleged to have been executed by E. T. Goodwin, conveying to his daughter, Mrs. A. F. Straight, certain lots in the town of Paducah, and to remove a cloud cast upon plaintiffs' title by reason of the mutilated condition of the deed records of Cottle county. Upon a trial before the court without a jury, there was a judgment against the plaintiffs.

[1, 2] By their first assignment of error, plaintiffs urge that the judgment is void because it was rendered at a time when no term of the court could be legally held. Cottle county is part of the Fiftieth judicial district. Under the act of 1905, the court should have convened in Knox county, March 20, 1911, and in King county May 1st, and in Cottle county May 15th. According to the Acts of the 32d Legislature, p. 214, amending the Acts of 1905, the court would have been held (if that act was operative) in Knox county, beginning February 13th, in King county beginning March 27th, and in Cottle county beginning April 10th. Both acts provided for a six weeks' term in Knox county and for a two weeks' term in King county. The amended act became effective Saturday, March 25, 1911, and under its provisions the court should have convened in King county on the following Monday, March 27th. However, court had been in session in Knox county one week, and the record does not show that the business upon the docket in Knox county had been disposed of during that week. Appellant contends it was the duty of the court to adjourn in Knox county. Although under the law the term might continue in Knox county for five weeks longer, and although it was the duty of the court to so continue if the business on hand demanded it, yet appellant contends the judge should have ended the term March 25th, and proceeded to King county and convened the spring term for that county on the 27th. We cannot assent to this contention. The constitutional provision is that the district judge "shall hold the regular terms of his court at the county seat in each county in his district at least twice in each year in such manner as may be prescribed by law," and it has frequently been held that if the change in the time of holding the court in any district should result in depriving any county of two terms, as provided by the Constitution, the act was inoperative, until such time as the district judge, by conforming to its provisions, would be able to meet the constitutional requirements. Article 5, § 7; Ex parte Murphy, 27 Tex. App. 492, 11 S. W. 487; Prescott v. Linney, 75 Tex. 615, 12 S. W. 1128; Womack v. Womack, 17 Tex. 1; Wilson v. State, 37 Tex. Cr. R. 373, 35 S. W. 390, 38 S. W. 624, 39 S. W. 373; Pecos River R. R. Co. v. Reynolds Cattle Co., 135 S. W. 162; Smith v. State, 63 Tex. Cr. R.

183, 140 S. W. 1097; Lemons v. State, 59 Tex. Cr. R. 299, 128 S. W. 423.

If by a session of one week in Knox county all pending business had been disposed of, then probably it would have been the duty of the district judge to have convened his court in King county on the following Monday under the new law, whether or not the full term of six weeks, as provided for by the old law, had expired. In the absence of any showing in the record upon that point, we presume that the business of the court in Knox county extended beyond a session of one week, and the court did not err in acting under the old law during the first half of the year. This assignment is overruled.

[3] By their second assignment, it is contended that the judgment is not final because it did not dispose of all the parties to the action. Reference to the judgment itself shows that the name of L. M. Richards, administrator of the estate of E. T. Goodwin, is omitted; but the judgment further recites "that the defendants shall have a judgment removing cloud from title to the following described property. * * * It is therefore ordered, adjudged, and decreed that the plaintiff Mrs. A. F. Straight take nothing in this case against the defendants or either of them." Construing this judgment in the light of the entire record in the case, we think it is clear that the decree is in favor of all the defendants, and although L. M. Richards, administrator, is not designated by name therein, that it sufficiently shows plaintiffs failed in their action as to him. Richards was not sued personally, but is made a defendant in his fiduciary capacity. The remaining defendants are the heirs of E. T. Goodwin, deceased, in whom the beneficial title to the land in controversy rested. The omission of the name of Richards seems to be a clerical error, and in our opinion we would not be justified in reversing the judgment for that reason, and since from the record the informality can be corrected, the judgment will here in that particular be reformed. If judgment had been rendered in favor of plaintiffs against part of the defendants, a different question would have been presented, and the contention of appellants might have been more serious. Wilson v. Smith, 17 Tex. Civ. App. 188, 43 S. W. 1086; Smith v. Wilson, 18 Tex. Civ. App. 24, 44 S. W. 556.

[4] The third assignment attacks the ruling of the court in excluding the testimony of the witness Mrs. J. J. Randall, with reference to an alleged conversation between witness and E. T. Goodwin. This conversation was objected to under article 2302, Sayles' Civil Statutes. The testimony which appellant proposed to elicit from the witness was: "I am a daughter of E. T. Goodwin, deceased. I had a conversation with my father on or about the 24th day of December, 1909, and he told me he was going to deed Mrs. Straight and myself some property."

While Mrs. Randall and her husband appear upon the face of the record as defendants, she is not an "opposite party" in the sense of the statute referred to above. It is held, in Eslava v. Mazange's Adm'r, 8 Fed. Cas. 780–781: In the provision of the statute that "in actions against executors, administrators, or guardians, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward, unless called to testify thereto by the opposite party," the "opposite party" meant is "that party against whom the evidence is sought to be used," and an intervener whose interests are the same as that of the plaintiff is not an opposite party who may require the plaintiff to testify. It appears from this record that Mrs. Randall was also claiming certain property of her deceased father's estate under a deed executed at the same time and under like conditions. In our opinion she was not a competent witness under our statute. It is held in Hill v. McLean, 78 Tenn. (10 Lea) 107, and in Trabue v. Turner, 57 Tenn. (10 Heisk.) 447, that it is not necessary that a witness shall be the opposite party on the record in a case in order to be incompetent as a witness against a personal representative, but he will be incompetent if his interests are antagonistic to those of the personal representatives against whom he is called. In the instant case, plaintiff had called Mrs. Randall in plaintiff's interests and whose testimony, if admitted, would have been detrimental to appellees, who were nevertheless codefendants of Mrs. Randall. We think the term "opposite party" means the party to the transaction whose rights would be affected by the testimony offered. The fact that parties as they stand upon the record are apparently adversary parties by no means constitutes them "opposite parties" within the meaning of the statute. Dolan v. Dolan, 89 Ala. 256, 7 South. 425.

[5] The fourth assignment raises the issue of the execution and delivery of the deed from E. T. Goodwin to plaintiffs. Under the evidence in this record, the question as to whether the deed was delivered is one of fact. Walker v. Erwin, 47 Tex. Civ. App. 637, 106 S. W. 164; Towery v. Henderson, 60 Tex. 291; Johnston v. Johnston, 67 S. W. 123; Hubbard v. Cox, 76 Tex. 239, 13 S. W. 170; Brown v. Brown, 61 Tex. 59. The testimony in the record bearing upon this issue is in substance as follows: J. O. Doolan, district and county clerk of Cottle county, testified: "The recording of the deed in controversy appears to have been scratched out and was not made by myself. I did not see the instrument recorded. I took the acknowledgment of the deed for E. T. Goodwin. After acknowledging it he left the deed with me to be filed when he ordered it filed or to be returned to him. He did not tell me to file it. He did not tell me he left it with me for the benefit of Mrs. Straight. He reserved the right to go back and get the instrument. He did not afterwards go back and order the instrument filed. He told me not to file it. He never did go back and tell me to file it. When he left it with me, I think I put it in a box marked 'attention' in the vault there in my desk. I had two boxes in there, one marked 'attention,' and right under this box was another marked 'instruments filed for record.' If I placed it in the file register it was through mistake. I wrote the word 'error' in red ink across the record. I know he reserved the right to go back and get the instrument." W. B. Irons, deputy district and county clerk, testified in substance: "I think I put the instruments on the file record. Mr. Goodwin did not tell me to put them on file register. As well as I remember the deed was in a box, and I, thinking it was to be recorded, filed it." In our opinion this evidence is sufficient to sustain the court's finding that the deed had not been delivered by the grantor, nor accepted by the plaintiff.

[6] The fifth and sixth assignments of error are submitted together. The fifth assignment is that "the court erred in his finding of fact for the reason that same is not supported by the evidence but is contrary to the preponderance of the evidence." The sixth assignment is, "The court erred in rendering judgment for the defendants." These assignments are manifestly too general to require consideration. By a proposition following them, appellant insists that the uncontroverted evidence shows the execution, recording, and acceptance of the deed by the grantee.

As previously stated, we think the evidence is sufficient to sustain the judgment, and the record failing to disclose any reversible error, the judgment is affirmed.