## Adam Davis v. The State.

No. 3154.   Decided June 10, 1914.

Rehearing denied June 26, 1914.

**1.—Slander of Female—Misdemeanor—Bills of Exception—Charge of Court.**

In the absence of bills of exception, the question of introducing and rejecting testimony, the charge of the court, and the failure to give special requested charges can not be considered in a misdemeanor case. Following Basquez v. State, 56 Texas Crim. Rep., 329.

**2.—Same—Privileged Communication—Slander.**

Where the defendant did not claim to have heard the slanderous matter, but he was the originator of the same, the fact that he uttered it upon inquiry of another person would not make it any the less slander.

**3.—Same—Statement of Facts—Delay—Antedating.**

Where there was no contention made in the affidavits that any statement of facts of any character was presented by appellant to the trial judge for his approval within the time allowed by law, the failure must be charged to him, and such alleged statement could not be antedated and the same can not be considered on appeal.

Appeal from the County Court of Hill.   Tried below before the Hon. J. D. Stephenson.

Appeal from a conviction of slandering a female; penalty, a fine of $350.

The opinion states the case.

*Wear & Frazier* and *V. L. Shurtleff* and *C. L. Black,* for appellant.— On question of privileged communication: Rosenbaum v. Roche, 101 S. W. Rep., 1164; Davis v. State, 22 S. W. Rep., 979; Hix v. State, 20 S. W. Rep., 550; Richmond v. State, 58 Texas Crim. Rep., 435.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of slander, the information alleging that appellant did unlawfully orally, falsely, maliciously and wantonly impute to one Mrs. Jessie Davis a want of chastity, in that in the presence and hearing of W. H. Landrum, falsely, maliciously and wantonly say that Mrs. Jessie Davis was four months gone, meaning thereby that she was pregnant with child and had been for a period of four months, and by the language so used to the said W. H. Landrum that Mrs. Davis was unchaste and was not virtuous prior to her marriage to appellant's son, and that she had had carnal intercourse with a male person while she was unmarried.

This is a misdemeanor conviction, and no bills of exception were reserved to the introduction of testimony, to the charge of the court, nor to the failure of the court to give those of the special charges which were refused, and under such circumstances no question is properly presented for review.   (Basquez v. State, 56 Texas Crim. Rep., 329.)

Appellant says, however, that taking the record as a whole it does not show that the appellant has violated the laws of this State. The evidence shows that Ben Davis, a son of appellant, ran away with and married Jessie Landrum; that after living with her about a month he abandoned her, and she returned to the home of her father, W. H. Landrum. Landrum testifies that he then went to "appellant's house to see if he could not get the parties to go back together; that he asked him what was the matter, and he said, 'Your daughter is four months gone.'" Appellant claims that as Landrum went to see Davis and asked what caused the separation, that Davis' answer would be privileged, regardless of what the answer might have been and that no prosecution for slander could be based thereon. In this we do not think he is correct. The case he cites is where the slander was already in circulation, and the party goes to investigate the slander, and the person inquired of, tells what he has heard and that only, and, of course, in that character of case no action will lie. But in this case the appellant does not claim to have heard anyone say so, but charges the slander himself as a positive fact. In fact, the record would clearly indicate that he was the originator of the charge, for from no other source does it appear to have come, in the record before us. If one goes to another to inquire about a disagreement of any character, and the person originates a false and slanderous report as justification for his conduct, such language would be the basis for slander. We have said this much because appellant complains, if we should not consider the statement of facts, an injustice would be done him through no fault or neglect of his own. It is made clear by the record and affidavits on file that the statement of facts was not filed until after the expiration of the time allowed by law, and for this reason there was delay in filing this transcript in this court. Appellant's attorneys claim that it was prepared in ample time and delivered to the State's attorney, and it was through the neglect of the prosecution that it was not filed in time. To this the prosecuting officer agrees. However, the law is, if the attorneys do not agree on a statement of facts and *present it to the judge for his signature within the* time allowed, or they fail to agree, and the party appealing does not present to the judge a statement, he is lacking in diligence. There is no contention made in the affidavit that any statement of facts of any character was presented by appellant to the trial judge for his approval within the time allowed by law, and a failure to do so is chargeable to him. The clerk's letters and statements would indicate that at times some parties in Hill County have asked her to leave off the date when their papers are filed, and it has been done. This is improper and the date of actual filing should be placed on each. It should not be antedated, nor the date left off, and we trust records will not be sent to us in that condition.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]