**HOPKINS COUNTY LEVEE IMPROVE-MENT DIST. No. I v. SMITH et al.** *
**(No. 2601.)**

(Court of Civil Appeals of Texas. Texarkana. ·June 22, 1922. Rehearing Denied July 1, 1922.)

**I. Levees and flood control ⚖=19—Allegations held ·sufficient to predicate improvement district's liability on acts of its officers in connection with levees.**

In an action by a landowner against a levee improvement district organized in A. county under Acts 34th Leg. (1915) c. 146 (Vernon's Ann. Civ. St. Supp. 1918, art. 5530 et seq.), and Acts 35th Leg. 4th Called Sess. (1918) c. 25 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5107—267, to 5107—276), an allegation that defendant built and maintains its levees in A. county with knowledge of conditions, and anticipated conditions, existing in B. county, and that the levees in both counties were "one scheme and plan," and by this combination of works plaintiffs were damaged by wrongful diversion of water upon their lands, was not subject to exception in that it implied liability of defendant for the condition of levee works in another county.

**2. Levees and flood control ⚖=19—Improvement district must construct levees in county where organized, so that combination of its levees with those of neighboring counties will not cause injurious diversion of· water.**

Defendant, a levee improvement district created under Acts 34th Leg. (1915) c. 146 (Vernon's Ann. Civ. St. Supp. 1918, art. 5530 et seq.), and Acts 35th Leg. 4th Called Sess. (1918) c. 25 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5107—267 to 5107—276), is bound· to construct and maintain its levees in the county where organized with reference to levees in adjoining counties, and where a levee in the county of organization joins with a dam across a river in another county in which another levee improvement district has been organized, so that this combination of works diverts water to the damage of landowners, defendant cannot avoid liability on the ground that it cannot maintain works beyond the confines of the county in which it was organized.

**3. Levees and flood control ⚖=9—Improvement district may act in conjunction with other districts and property not in county of its creation.**

Under Acts 34th Leg. (1915) c. 146 (Vernon's Ann. Civ. St. Supp. 1918, art. 5530 et seq.), and Acts 35th Leg. 4th Called Sess. (1918) c. 25 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5107—267, to 5107—276), providing for the creation of levee improvement districts, and particularly in view of section 38 of the act of 1915 (Vernon's Ann. Civ. St. Supp. 1918, art. 5567), conferring the right of eminent domain on improvement districts without limitation as to territory, and section 50 (article 5575), authorizing the supervisors "to make all the necessary levees, bridges and other improvements across * * * levees or other improvements * * * thereto, for the purpose of enabling the said district supervisors to construct and maintain any or all of the improvements necessary for the said district," a district may do anything not forbidden by law where necessary or proper, either, alone or jointly with an improvement district in an adjoining county, to prevent a wrongful diversion of water injurious to third parties.

**4. Appeal and error ⚖=1040(10)—Instructions held to cure error in overruling exception to pleadings.**

Where defendant levee improvement district excepted because plaintiffs' allegations predicated the district's liability for wrongful diversion of water on the combination of its levees with those in a neighboring county, the ground of exception being that defendant was not liable for acts of its supervisors with reference to levees in the neighboring county, error in overruling the exceptions would be harmless, where the jury were instructed not to find for plaintiff unless they believed that the levee maintained in the county where defendant district was organized caused plaintiff's damage.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction October 25, 1922.

**5. Levees and flood control ⊂⇒19—Improvement district may show levee conditions in adjoining county, with which its works join.**

Where plaintiffs alleged damage from a wrongful diversion of water by a levee improvement district created under Acts 34th Leg (1915) c. 146 (Vernon's Ann. Civ. St. Supp. 1918, art. 5530 et seq.), and Acts 35th Leg. 4th Called Sess. (1918) c. 25 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5107—267 to 5107—276), and that the diversion was caused by a combination of levees in the county where defendant district was organized with levees in an adjoining county, plaintiffs could show levee and stream conditions in the adjoining county.

**6. Appeal and error ⊂⇒732—Assignment of error as to denial of new trial held too general to warrant consideration.**

An assignment that the trial court erred in overruling defendant's amended motion for new trial, for the reason that the verdict is against the preponderance of the evidence and the law as given in the charge, *held* too general, where the issue was as to whether defendant district was liable, where its levees joined with other levees in a neighboring county and the two works together caused the diversion of water complained of.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Action by Hattie Smith and others against the Hopkins County Levee Improvement District No. 1. From a judgment for plaintiffs, defendant appeals. Affirmed.

The appeal is from a judgment in appellees' favor against appellant for $1,000, the damages a jury found they were entitled to recover because of injury in 1919, 1920, and 1921 to crops, etc., by water diverted, they alleged, from its natural course to and upon 80 acres of land they owned in Hopkins county.

South Sulphur river is the boundary line between Hopkins and Delta counties. The diversion of water was alleged to have been caused by a levee constructed by appellant from a point in Hopkins county south of said river to a dam across same, in that way connecting with a levee extending north from said dam into Delta county. Appellees alleged that the levee in Delta county was constructed in the same manner, on the "same plan, and the same effect" as the one in Hopkins county. In its answer appellant alleged it did not construct the levee in Delta county, and was "without power, right, or authority to construct or attempt to construct any levee improvement work beyond the confines of its district in Hopkins county." In reply appellees, in a supplemental petition, alleged that appellant "built and maintains its levees in Hopkins county with such conditions, and anticipated conditions, and with knowledge thereof, existing in Delta

county," and further alleged that "said levee in Delta county was built jointly" by appellant and others, and that the levee in Hopkins county and the one in Delta county were "one scheme and plan" for the purpose of reclaiming land in each of the counties, and that the levee in Delta county was "necessary to the maintenance of the Hopkins county levee." Appellant excepted to the allegations in the supplemental petition referred to, on the ground that it was created under laws which did not permit it to improve property "beyond the confines of the county in which it was organized." The laws referred to in the exception were Act April 1, 1915 (Gen. Laws, p. 229; article 5530 et seq., Vernon's Ann. Civ. St. Supp. 1918), and Act March 21, 1918 (Gen. Laws, p. 40; Vernon's Ann. Civ. St. Supp. 1922, arts. 5107—267 to 5107—276).

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

R. D. Allen and G. H. Crane, both of Sulphur Springs, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellant's first assignment of error is predicated on the action of the trial court in overruling its exception to the allegations in the supplemental petition referred to in the statement above. In support of the assignment appellant argues it was liable only for acts and omissions of its supervisors in Hopkins county in the construction of its levee, and not for anything they did or omitted to do in Delta county with reference to or in connection with the existence or construction of the levee in that county.

[2, 3] Doubtless the argument would be sound, if the allegations excepted to predicated the asserted liability of appellant to appellees on conduct of the former's supervisors not connected with the construction and maintenance of its levee. That would be true without reference to where such conduct occurred. But the allegations were not with respect to such conduct. They were directed to acts and omissions of the supervisors in constructing and maintaining appellant's levee. In doing that appellant, or its supervisors, could not ignore conditions existing in Delta county which, in connection with its levee, might operate to unlawfully divert water to the injury of appellees' property. Appellant was bound to construct and maintain its levee with reference to those conditions, and we see no reason why it could not, either alone or jointly with an improvement district in Delta county, do anything not forbidden by law and necessary or proper to be done in that county to avoid such a diversion of water. We have not been referred to, and have not found, anything

in the statutes under which appellant was created (Act April 1, 1915, and Act March 21, 1918, referred to in the statement above) which denied it such a right. On the contrary, it seems the exercise of such power was contemplated by the Legislature when it conferred the right of eminent domain upon such districts without limitation as to territory (section 38 [Vernon's Ann. Civ. St. Supp. 1918, art. 5567]), and, also without such limitation, authorized supervisors of such a district:

"To make all the necessary levees, bridges, and other improvements across * '* * levees or other improvements * * * thereto, for the purpose of enabling the said district supervisors to construct and maintain any or all of the improvements necessary for the said district." Section 50, Act April 1, 1915 (article 5575).

[4] It should be noted here, because pertinent to appellant's complaint, that the jury were not authorized by the instructions the court gave them to find for appellees, unless they believed the levee appellant constructed and maintained in Hopkins county caused the diversion of water complained of. Therefore, if it was error to overrule the exception to the allegations in the supplemental petition referred to, the error should be treated as harmless.

[5] It appears from bills of exceptions in the record that the trial court, over appellant's objection, permitted the witness Smith to testify—

"as to [quoting] the depth, width, length, and general condition and existence of bar pits in and artificial channel along the west side of the levee belonging to what is known as the Delta county improvement district No. 1 in Delta county."

The witness Calaway to give similar testimony, and other witnesses to testify:

"That [quoting] the waters from 'South Sulphur get higher during heavy rains on the lands near South Sulphur near said levee in Delta county, than they did before said levee was built in said Delta county."

The grounds of the objection were that the testimony was irrelevant and immaterial, because the appellant district and the Delta county district were "separate and distinct corporations."

As stated above, we think appellant in constructing its levee was bound to take into consideration conditions existing in Delta county which would affect the operation of the levee. Therefore we do not think it was error to admit the testimony, and overrule the assignments presenting the contention to the contrary.

[6] The fifth assignment, the only one remaining undisposed of, will not be considered, because too general. It is that the trial court—

"erred in overruling defendant's amended motion for new trial, for the reason that the verdict returned by the jury to the court is contrary to and against the preponderance of the evidence adduced in the trial of this cause, and is against the law as given in the charge of the court to the jury."

See Washington v. Giles (Tex. Civ. App.) 220 S. W. 439; Bedding Co. v. George (Tex. Civ. App.) 222 S. W. 335; Neill v. Pryor (Tex. Civ. App.) 222 S. W. 296.

The judgment is affirmed.