## FULWILER v. DANIEL.    (No. 58.)

(Court of Civil Appeals of Texas. Eastland. Feb. 26, 1926.)

1. **Appeal and error** ⊝⇒731(5), 733—**Assignment that verdict and judgment were against weight of evidence and not supported thereby cannot be considered.**

Assignment, alleging error "because the verdict of the jury and the judgment of the court is contrary to the great weight and preponderance of the evidence in this cause and is not supported thereby," presents nothing for review and cannot be considered by Court of Civil Appeals.

2. **Trial** ⊝⇒139(4)—**Creditor's failure to prove valid claim on note held not to warrant instructed verdict, where he also sued on debt secured thereby.**

Where creditor sued on note, but included count seeking recovery on debt secured thereby, and jury found he did not accept note as payment, failure to establish valid claim on note would not of itself warrant instructed verdict against him.

3. **Payment** ⊝⇒16(1).

Giving of note for debt will not extinguish latter unless parties so intend.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

On second motion for rehearing. Overruled.

For former opinion, see 279 S. W. 603.

Benson & Dean and Hawkins, Hawkins & David, all of Breckenridge, and Sayles & Sayles, of Eastland, for appellant.

Goggans & Allison, of Breckenridge, for appellee.

LITTLER, J. [1] Appellant, in a very elaborate, well briefed and presented motion for rehearing, urges this court to state its reasons for overruling his assignments relating to the want of evidence to support the jury's finding as to waiver by appellant of presentment and notice of dishonor of the note sued on. As urged by said motion, we have carefully reviewed the assignments relating to this matter, and we find that said assignments as to the sufficiency of the evidence to support the jury's finding of waiver on the part of appellant should not have been noticed or discussed in the original opinion because not properly presented in accordance with the rules. The assignment is:

"Because the verdict of the jury and the judgment of the court is contrary to the great weight and preponderance of the evidence in this cause and is not supported thereby."

This does not present anything for review in this court. It is unnecessary at this late day to cite authorities to show that such a purported assignment of error cannot be considered by a Court of Civil Appeals. The Supreme Court has held that a Court of Civil Appeals has not authority to consider an assignment in the form as stated above. Thompson v. Smith (Tex. Com. App.) 248 S. W. 1070.

[2, 3] The only other assignment which could be considered as involving the question of waiver, above referred to, is one to the action of the court in refusing appellant's motion for an instructed verdict when appellee rested this case. The court did not commit error in overruling said motion for the reason that there was in appellee's petition a count seeking a recovery on the debt in the event appellee was not allowed a recovery on the note. The jury found that the appellee did not accept the note sued on as a payment. It is well settled that the giving of a note for a debt will not extinguish the latter unless the parties so intended. Jackson

v. Home National Bank (Tex. Civ. App.) 185 S. W. 893. So at the time motion for an instructed verdict was made there was evidence in the record justifying a finding for appellee for the amount of the debt independent of the note sued on.

The question of discharge of appellant by failure of appellee to give to appellant notice of dishonor of the note sued on, and the sufficiency of the evidence to sustain the verdict in appellee's favor to the effect that such notice was waived by appellant, are the only questions presented in the motion for rehearing.

For the reasons indicated, it will be overruled.