J. W. Teel brought this suit against Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board and to recover compensation insurance in a lump sum for injuries claimed to have been sustained in the course of his employment, and which had resulted in total permanent incapacity. The jury to whom special issues were submitted found that the injuries had, been sustained as alleged, that they resulted in total incapacity, and that such total incapacity was permanent. From a judgment rendered in favor of said Teel, in conformity with such findings, the Texas Employers' Insurance Association has prosecuted this appeal.
Appellant first contends that the judgment of the trial court should be reversed because of the action of said court in overruling appellant's motion to strike out the answer of appellee's witness Dr. A. E. Pardue, as follows "Well — manual labor — no, he wouldn't — I wouldn't advise him to." Said answer was given in response to a question by which plaintiff asked the witness, as a physician and surgeon, and from his examination of plaintiff, if he would say at that time plaintiff's condition is total so as to disable him from doing any manual labor so far as manual labor is concerned. The objection to the answer urged in the motion was that it was not responsive to the question; that it was evasive and prejudicial. We are of opinion that the action of the court in overruling the motion was not error, but that, if it was, the error is harmless. If the answer was subject to the criticism that it was evasive, that was a fact of which appellant had the advantage in the argument before the jury. The fact sought to be elicited by the inquiry was against appellant. If it was not exactly responsive, appellant had the opportunity, by cross-examination, if desired, to have a responsive answer. We are unable to see that it was prejudicial, because, had the answer been stricken, it would not have taken the issue out of the case, the same witness having further testified that plaintiff's condition, as he had described it, was permanent; that he would not get well, and the condition would most likely have a tendency, as plaintiff got older, to become more serious to him. The point is therefore overruled.
Appellee, for jurisdictional purposes, offered in evidence, among other things, a certified copy of his claim made to the Industrial Accident Board, and of his notice given to the board of his unwillingness to abide by the award. On the certified copy of the claim was a notation as follows: "Received April 26th, 1930. Industrial Accident Board, State of Texas" — and on the notice the notation: "Received July 9th, 1930. Industrial Accident Board, State of Texas." The introduction in evidence of these notations was objected to for the reason that same constituted no part of the original instruments; that the law does not require a receiving stamp on letters, instruments, etc., filed with the board, and that the notations as thus stamp-marked were not signed by *Page 203 
or authorized by any one having authority to do so; that same were hearsay and prejudicial, and not competent evidence of its recitations.
In Texas Employers' Insurance Ass'n v. Neatherlin, 31 S.W.2d 673, we held that notations like these stamped upon papers filed with the Industrial Accident Board were simply file marks. As such they are subject to the rules governing file marks. "It is the official duty of a clerk of a court to file all the papers in a cause presented by the parties, and to mark them `filed,' with the date of filing." 11 C.J. 887. One of the cases cited as supporting the text is Wooster v. McGee,1 Tex. 17, wherein it is said: "It is the Clerk's official duty to file the papers in a case; and in making up transcripts for this court, tocopy the statement of their being filed." (Italics ours.) It is further said: "All papers and pleadings prosecuted by the parties, should be marked `filed' with the date of the filing; and this should be transcribed as an essential portion of the history of the case." It is further said: "* * * The paper not being marked `filed,' wants the evidence of legitimacy, always to be impressed on the papers offered by the parties in a cause. * * *" In Davis v. State, 74 Tex.Cr.R. 298,167 S.W. 1108, L.R.A. 1915A, 572, it was held that the clerk of a court should place on papers filed the actual date of filing. In Howard v. Gulf, C. S. F. Ry. Co. (Tex.Civ.App.) 135 S.W. 707, 709, it is said: "It is not only the general duty of a clerk to treat all litigants impartially, but it is his especial duty to indorse the correct file mark on all papers required to be filed." So far as we have been able to ascertain, the duty of a clerk of a court to indorse a file mark upon papers, showing the date of filing, is not one that arises from any express statute. We therefore conclude that, when the law required papers to be filed with the Industrial Accident Board, there was by implication imposed upon the board the duty of indorsing or having indorsed upon such papers the date of such filing. We are therefore of opinion that there was no error in the action of the court in admitting the notations in question in evidence.
Being admitted, they had some probative force, as was held by the Commission of Appeals in Lumbermen's Reciprocal Ass'n v. Henderson, 15 S.W.2d 565. It follows that the instruments in question, at least in the absence of any other evidence to the contrary, sufficiently showed the jurisdiction of the trial court.
Two of appellant's assignments of error are as follows:
"Because the court erred in overruling defendant's Sixth objection to the Court's charge.
"Because the jury's answer to Special Issue No. 3 is against the preponderance of the evidence."
The said sixth objection to the court's charge was:
"Said defendant objects and excepts to the submission of Special Issue No. 3 for the reason that there is no evidence of a probative nature to raise such issue."
Under said two assignments of error, appellant submits what is designated as point 6, as follows:
"The court erred in submitting to the jury Special Issue No. 3 as follows:
"`Special Issue No. 3: Do you find from a preponderance of the evidence that such total incapacity, if any, was permanent? Answer Yes or No. (Tr. p. 25.) To which the jury answered Yes. (Tr. p. 27.)'"
Under this so-called Point 6 is submitted propositions 1 and 2, as follows:
"1. Where the finding of the jury is against the preponderance of the evidence it is the duty of the Court to set same aside and grant a new trial.
"2. Where the testimony shows that the claimant worked four months at the same job after the injury, has picked cotton (100 to 150 pounds a day in the 1930 short crop) and is picking cotton while down on his knees pulling a cotton sack, and states he intends to go back to picking cotton as soon as the trial is over, a finding that the total disability is permanent, is against the preponderance of the testimony."
Point 6 presents, if anything, only a question of law. A claim of the insufficiency of evidence, as distinguished from a claim of total lack of evidence, is inconsistent with the contention that the court was under the duty of giving a peremptory instruction. However, the so-called propositions manifestly have reference to a question of the insufficiency of the evidence. Appellant's brief all the way through contains "points" and "propositions" as something different from one another, in that propositions are asserted under the "points." We know of no procedure that recognizes a distinction between points and propositions. As used in Rule 30 (230 S.W. VII), the words "propositions" and "points" are synonymous. Wright v. Maddox (Tex.Civ.App.) 286 S.W. 607. Point 6 is not a proposition in any sense. It is only an assignment of error which was not filed in the court below, and does not appear in the transcript. The subjoined propositions are not germane to it. Point 6 therefore must be disregarded. Looking to the propositions, it is manifest that they both must have reference alone to the assignment asserting that the jury's answer to special issue No. 3 was against the preponderance of the evidence. *Page 204 
The first proposition, if correct, is just as true of any other case as the one at bar. This character of proposition has many times been held to be too general to require consideration. 3 Tex.Jur. § 614, and authorities cited under note 12.
In Hart v. Harrell, 17 S.W.2d 1093, we held that an assignment like this raises neither the question of no evidence nor the insufficiency of evidence. To the same effect in Speights v. Speights (Tex.Civ.App.)176 S.W. 641.
This view is grounded upon an entirely different principle than that upon which assignments are condemned as being too general. Such principle is that a proposition, to be good, must be one which, if sustained, would affect the judgment, unless, of course, it could be held by reason of other facts to be immaterial or harmless. The proposition in question requires us to read the entire statement of facts. For what purpose? To ascertain if it shows that there was a preponderance of the evidence supporting a conclusion that plaintiff's total incapacity was not permanent. But suppose we do conclude that there was a slight preponderance of the evidence supporting such conclusion. Would it be our duty to reverse the case? Not at all. In Niagara Fire Ins. Co. v. Lee, 19 S.W. 1030, 1031, the Supreme Court, when it was a fact-finding body, held that it would not disturb a verdict and order a new trial, "even though," in the language of the court, "we might be of the opinion that the evidence somewhat preponderated against the verdict." The proposition under consideration does not apprise us that we may find, from a search of the statement of facts, anything more than a slight preponderance of the evidence going to show that plaintiff's total incapacity was not permanent, a condition which, if found, would not warrant us in disturbing the judgment. The proposition should at least apprise us that the finding of the jury complained of was so contrary to the overwhelming weight or preponderance of the evidence as to be clearly wrong. In such case, should we find the proposition to be true, it would be our duty to reverse the judgment.
The proposition is also subject to the objection that it is too general, in that it does not specifically point out wherein the evidence preponderates against the verdict. Missouri, K. T. Ry. Co. v. Patterson (Tex.Com.App.) 228 S.W. 119; Neill v. Pryor (Tex.Civ.App.)222 S.W. 296; Lake v. Jones Lumber Co. (Tex.Civ.App.) 233 S.W. 1011; Cullen v. Emgard (Tex.Civ.App.) 44 S.W. 538; Straight v. Goodwin (Tex.Civ.App.) 157 S.W. 425; Noell v. Bonner (Tex.Civ.App.) 21 S.W. 553; Campbell v. Reagan (Tex.Civ.App.) 22 S.W. 824; Galveston, H. S. A. Ry. Co. v. Cooper, 2 Tex. Civ. App. 42, 20 S.W. 990; Bennett v. La. Tex. Lumber Co. (Tex.Civ.App.) 148 S.W. 1189; Conn v. Belk (Tex.Civ.App.) 26 S.W.2d 293; Thompson v. Smith (Tex.Com.App.)248 S.W. 1070; Haskell v. Merrill (Tex.Civ.App.) 242 S.W. 331; Hopkins County Levee Imp. Dist. v. Smith (Tex.Civ.App.) 243 S.W. 793; Alexander v. La. Tex. Lumber Co. (Tex.Civ.App.) 154 S.W. 235; Fulwiler v. Daniel (Tex.Civ.App.) 280 S.W. 348.
But it appears that we have a discretion to consider the proposition, regardless of its defects, as was recognized in Duke v. Walker (Tex.Civ.App.) 17 S.W.2d 93. This court, in exercising its discretionary powers, has been inclined to pursue a policy of liberality in the matter of considering questions defectively presented. We have therefore construed appellant's proposition now under consideration as attempting to present such a question of the insufficiency of the evidence as to entitle it to relief, and have accordingly examined the statement of facts.
We have reached the conclusion that there was evidence from which the jury was reasonably warranted in finding that plaintiff's total incapacity, as to which no question is made, was permanent. The fact, as asserted by the second proposition, that plaintiff performed some work, is not conclusive of the question. Davies v. Tex. Emp. Ins. Ass'n (Tex.Com.App.) 29 S.W.2d 987; Winters Mut. Aid Ass'n v. Reddin (Tex.Civ.App.) 31 S.W.2d 1103, 1105; Fidelity Casualty Co. v. Joiner (Tex.Civ.App.) 178 S.W. 806, 809; Great So. Life Ins. Co. v. Johnson (Tex.Com.App.) 25 S.W.2d 1093.
As said in Fidelity Casualty Co. v. Joiner, supra, "It not infrequently happens that one suffering from injuries to his person performs duties pertaining to his occupation which he is wholly unable, in the reasonable and proper sense * * * to perform." Appellee testified to the effect that he was unable to work and such work as he did was under the stress of necessity to make a living for his family. Dr. Pardue testified to his finding of facts and gave his opinion as to conditions of a permanent nature which, as evidence in connection with the other evidence, seems to us to support the finding of permanent total incapacity within the meaning of "total incapacity," as declared in the decisions. Texas Emp. Ins. Ass'n v. Brock (Tex.Civ.App.) 26 S.W.2d 322; Texas Emp. Ins. Ass'n v. Wonderley (Tex.Civ.App.) 16 S.W.2d 386; Employers' Liability Assur. Corp. v. Williams (Tex.Civ.App.) 293 S.W. 210; Lumbermen's Reciprocal Ass'n v. Wells (Tex.Civ.App.) 283 S.W. 208; Home Life, etc., Co. v. Corsey (Tex.Civ.App.) 216 S.W. 464; New Amsterdam Cas. Co. v. Harrington (Tex.Civ.App.) 11 S.W.2d 533.
Being of opinion that there was no reversible error, and that the judgment should be affirmed, it is accordingly so ordered. *Page 205